Clare J. Hoyt, J.
Plaintiff furnished certain materials to defendant Parisi in connection with a sanitary sewer project that Parisi had undertaken as general contractor in Norwalk, Connecticut. Under the Connecticut statutes Parisi was obliged to furnish performance and payment bonds for the project. Defendant Hartford wrote these bonds. When plaintiff was unable to secure payment it commenced this action. Defendant Hartford moves for dismissal as to it, claiming the New York courts lack jurisdiction of the subject matter of the action.
Plaintiff may recover from Hartford, if at all, only on the payment bond and not on the performance bond (Long v. Ferris, 196 Misc. 567, 568-569). The bond is a statutory bond, so the provisions of the Connecticut statutes are to be read into the instrument in construing it (Graybar Elec. Co. v. New Amsterdam Cas. Co., 292 N. Y. 246). Both by statute (Conn. Gen. Stat., § 49-42, subd. [b]) and by express provision in the bond, suits on the bond must be brought in the county of performance and not elsewhere. In identical circumstances New York courts have treated such a limitation as creating a purely local — not a transitory — cause of action that is enforcible only in the State of performance (Long v. Ferris, supra; Commonwealth of Pa. v. Beals, 139 Misc. 785). Under the circumstances here presented the same result is called for as a matter of comity.
The motion is granted.