**COPPERWELD STEEL COMPANY,**
Plaintiff,

v.

**DEMAG–MANNESMANN–BOEHLER**
**et al., Defendants.**

**Civ. A. No. 71–920.**

United States District Court,
W. D. Pennsylvania.

March 13, 1972.

**540**

Frank L. Seamans, William B. Mallin, Richard C. Seamans, Robert P. Barbarowicz, G. Richard Gold, of Eckert, Seamans, Cherin & Mellott, Pittsburgh, Pa., for plaintiff.

Alexander Black of Buchanan, Ingersoll, Rodewald, Kyle & Buerger, Pittsburgh, Pa., for Garnishee Armco Steel.

Thomas R. Wright of Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for Garnishee Crucible, Inc.

John H. Bingler, of Thorp, Reed & Armstrong, Pittsburgh, Pa., for defendant.

## MEMORANDUM and ORDER

McCUNE, District Judge.

Defendants have moved for dismissal on the grounds that this court lacks jurisdiction. In connection with this motion both parties have filed affidavits. Consequently, we will treat the matter before us as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Defendants have also moved to dissolve certain foreign attachments which plaintiff has caused to be issued.

Plaintiff Copperweld Steel Corporation (hereinafter Copperweld) is a Pennsylvania corporation. Defendants (hereinafter collectively referred to as "Demag") are related German corporations. This action arose from a contract between Copperweld and Demag for the sale and construction of a four strand continuous casting plant at Copperweld's Warren, Ohio facility. The plant was constructed and paid for, but Copperweld claims that the plant's performance was so unsatisfactory as to render it useless.

Defendants object to this court's exercise of jurisdiction because of the alleged inclusion in the contract sued upon of a forum selection provision and alternatively on the grounds that jurisdiction of defendants was not acquired by the service effected by plaintiff under the Pennsylvania long-arm statute applicable to corporations, 15 P.S. § 2011 (supp. 1971).

■ The latter argument is without merit in light of the defendants' answers to plaintiff's interrogatories. In these answers defendants admit that they have engaged in solicitation of business in Pennsylvania since 1963 (answer No. 6). They further admit to the sale of millions of dollars in merchandise to Pennsylvania concerns and to the shipment of that merchandise into Pennsylvania. In connection with these sales at least ten of defendants' employees have entered Pennsylvania for substantial periods of time for the purpose of supervising construction of equipment sold or for servicing of such equipment. The fact that defendants have done business with only a few Pennsylvania firms

(Armco Steel Company, Crucible, Inc., and Birdsboro Corporation) is not material.

The Federal Rules of Civil Procedure Rule 4(e) expressly allow service of process on nonresidents in accordance with the statutes or rules of court of the state in which the district court is held. As mentioned above the relevant Pennsylvania statute is 15 P.S. § 2011, subds. B & C (1971 supp.):

"B. Any foreign business corporation which shall have done any business in this Commonwealth, without procuring a certificate of authority to do so from the Department of State, shall be conclusively presumed to have designated the Secretary of the Commonwealth as its true and lawful attorney authorized to accept, on its behalf, service of process in any action arising within this Commonwealth. . . . Service shall be made * * * by transmitting to the Secretary of the Commonwealth, and to the defendant at his last known residence or place of business, by registered mail, return receipt requested, a copy of such process, together with a copy of the petition and order of the court, properly certified as such by the prothonotary. . . .

C. For the purposes of determining jurisdictions of courts within this Commonwealth, the doing by any corporation in this Commonwealth of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object, or doing a single act in this Commonwealth for such purpose, with the intention of thereby initiating a series of such acts, shall constitute 'doing business.' For the purposes of this subsection the shipping of merchandise directly or indirectly into or through this Commonwealth shall be considered the doing of such an act in this Commonwealth."

Under our decision in Scafati v. Bayerische Motoren Werke AG, 53 F.R.D. 256 (W.D.Pa.1971), defendants are unquestionably "doing business" as defined by 15 P.S. § 2011, subd. C (supp. 1971). The fact that the instant case arises from occurrences outside Pennsylvania has been held by the Pennsylvania Supreme Court to be immaterial to the application of 15 P.S. § 2011, subd. B, Myers v. Mooney Aircraft, Inc., 429 Pa. 177, 240 A.2d 505 (1967). This construction of 15 P.S. § 2011, subd. B has been recognized by the Third Circuit Court of Appeals, Siders v. Upper Mississippi Towing Corp., 423 F.2d 535 (3d Cir. 1970).

Defendants argue that their activities in Pennsylvania are so insubstantial that to allow suit to be brought against them in Pennsylvania for occurrences happening outside the state would violate due process of law. We do not believe it necessary to consider this contention in that defendants admit doing millions of dollars in business in Pennsylvania between 1963 and 1971. We conclude that under 15 P.S. § 2011, subds. B & C (supp. 1971) this court could and did acquire jurisdiction of the defendants.

The remaining question is whether in our discretion we should decline jurisdiction so as to give effect to the alleged selection of forum clause. The clause in question is contained in a printed document entitled "General Conditions for the Export of Machinery" and reads:

"Any disputes arising out of the terms of the contract shall be brought before the court of justice having jurisdiction in the area where the supplier has its main offices."

However the parties have by their affidavits unquestionably raised a factual question as to whether this clause was even a part of the contract. Such a factual dispute cannot be resolved by this court on a motion for summary judgment. The parties have however briefed and submitted a subsidiary issue which we believe is in a proper posture for summary judgment. That issue is, as-

suming that the clause in question is part of the contract, is it a reasonable provision which this court should enforce.

The enforcement of such forum selection clauses in Pennsylvania and in the Third Circuit depends on the reasonableness of the clause under the facts of the particular case, Central Contracting Co. v. C. E. Youngdahl & Co., 418 Pa. 122, 209 A.2d 810 (1965), Central Contracting Co. v. Maryland Casualty Co., 367 F.2d 341 (3d Cir. 1966). The affidavits of the parties and defendants' answers to plaintiff's interrogatories present sufficient undisputed facts to allow us to conclude as a matter of law that this clause should not be enforced.

The plant in question located at Warren, Ohio, may be the subject of intensive inspection during trial. The plant was in part fabricated in this country by the Birdsboro Corporation. All records regarding the operation of the plant are here. Plaintiffs' personnel who operated the plant are located here. All of the plaintiff's personnel who engaged in the negotiation of the contract in issue are here. Certain of defendants' personnel involved in the sale are located in the United States. Practically everything done in connection with this transaction has been done in the English language. Similarly almost all witnesses are English speaking. To conduct this litigation before a German court would require translation with its inherent inaccuracy.

We conclude that the forum selection clause in issue is unreasonable under the facts of this case. The question of whether or not it was a part of the contract is therefore not material. Having concluded that defendants are within the scope of the Pennsylvania long-arm statute, 15 P.S. § 2011 (1971 supp.) and were properly served thereunder, we conclude that defendant's motion for summary judgment on the question of jurisdiction must be denied. Our disposition of this motion also disposes of defendants' pending motion for preliminary hearing on the question whether the forum selection clause is part of the contract. That issue is now moot and we therefore deny defendants' motion for preliminary hearing. Since we retain jurisdiction of this litigation we conclude that defendants' motion to dissolve certain foreign attachments should also be denied. Garnishee, Armco Steel Corporation, has moved for dissolution or modification of the foreign attachment against it. That motion is not disposed of by this memorandum.