**COPPERWELD STEEL COMPANY,**
**Plaintiff,**

v.

**DEMAG–MANNESMANN–BOEHLER**
**et al., Defendants.**

**Civ. A. No. 71–920.**

United States District Court,
W. D. Pennsylvania.
Aug. 16, 1972.

Frank L. Seamans, William B. Mallin, G. Richard Gold, Richard C. Seamans, Eckert, Seamans, Cherin & Mellott, Pittsburgh, Pa., for plaintiff.

Thomas R. Wright, Pittsburgh, Pa., for garnishee.

John H. Bingler, Jr., Thorp, Reed & Armstrong, Alexander Black, Pittsburgh, Pa., for defendants.

## MEMORANDUM and ORDER

McCUNE, District Judge.

Following our memorandum opinion of March 13, 1972, 54 F.R.D. 539, the defendant filed a motion for reconsideration of a portion of it. We decided then that the enforcement of a forum selection provision depended on the reasonableness of the provision under the facts of the particular case citing Central Contracting Co. v. C. E. Youngdahl & Co., 418 Pa. 122, 209 A.2d 810 (1965) and Central Contracting Co. v. Maryland Casualty Co., 367 F.2d 341 (3d Cir. 1966). We held that a clause encompassed in "General Conditions for the Export of Machinery" which stated that disputes arising out of the terms of the contract (now before us) should be brought before the court having jurisdiction in the area where supplier had its main offices (Germany) was unreasonable under the conditions prevailing.

Plaintiff has sued defendant for damages as the result of an alleged defect in a continuous casting plant at plaintiff's Warren, Ohio mill. The plant was allegedly designed by defendant, a German engineering company in Germany. As we understand it only the design took place in Germany.

Plaintiff now argues that the law set forth in the above cited cases has been changed by M/S Bremen and Unterweser Reederei, GmbH, Petitioners v. Zapata Off-Shore Company, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972) and that the Supreme Court has now directed that forum selection clauses shall be favored. Bremen was an admiralty case where the forum selection clause designated London, England as the jurisdiction for trial of disputes which might arise in a sea voyage from Louisiana to Italy. The Supreme Court

sent the case back to the district judge to determine whether London as a forum for trial would seriously inconvenience the parties and preclude a fair trial after the District Court had concluded that the trial should be conducted in Florida.

We are doubtful that *Bremen* has substantially changed the law or has changed it at all for that matter. It remains to be determined in each diversity case, under individual circumstances, whether the forum selected is a reasonable one. There must, of course, be some inconvenience on one side or the other when disputes arising out of international agreements must be tried. We remain convinced for the reasons already stated in our previous opinion that it would be unreasonable to require plaintiff to try this case in Germany.

The following facts, we repeat, are the reasons for our opinion:

The casting plant, the performance of which is in dispute, is located here. We foresee the necessity to examine the plant in detail. The plant was constructed by a Pennsylvania firm, all of whose employees are here. Did the defect occur in construction? All of the people who operated the plant are here. Did they operate it improperly? All of the plant's customers are here. If they refused the product, why did they do so? How can these people be made available in Germany? There is no process there to compel their attendance at trial even if they could be transported to Germany. What of the language difficulties? Of course, the German engineers will be inconvenienced and they will have language difficulties we assume, but we think it will be of some advantage to them to have the contractor and the operating people available for obvious reasons.

We remain convinced that in this particular case plaintiffs could not adequately try their case if forced to proceed in Germany and thus perhaps could not obtain a fair and complete hearing not because of any lack of sincerity or

competence of the German Courts which we assume to be as fully adequate as our own, but because of the obvious impracticality of conducting the litigation in Germany.

Accordingly, the motion for reconsideration is denied.  So ordered.