**COPPERWELD STEEL COMPANY,**
Plaintiff,

v.

**DEMAG–MANNESMANN–BOEHLER**
et al., Defendants.

Civ. A. No. 71–920.

United States District Court,
W. D. Pennsylvania.

Feb. 20, 1973.

Richard C. Seamans, Pittsburgh, Pa., for plaintiff.

John H. Bingler, Jr., Pittsburgh, Pa., for defendants.

## MEMORANDUM and ORDER

McCUNE, District Judge.

And now, February 20, 1973, following consideration of the arguments of counsel and briefs submitted on the motion for allowance of appeal pursuant to 28 U.S.C. § 1292(b) from our previous orders which refused to enforce an alleged forum selection clause and refused to hold a hearing to determine whether the forum selection clause had actually been negotiated in good faith and would, if enforced, be unreasonable, we deny the motion that we grant defendants an appealable order. After further consideration we believe the alleged forum selection clause to be manifestly unreasonable for the reasons already stated (see Opinions of March 13, D.C. Pa., 54 F.R.D. 539, and August 16, 1972, 347 F.Supp. 53) and that the litigation should proceed here and that an appealable order should not be granted. It is so ordered.

We should perhaps comment further on the reasons for this order, especially in the light of M/S Bremen et al. v. Zapata Off-Shore Co., 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972) which was decided June 12, 1972, and which, according to the contention of defendants, has changed the law heretofore well established with respect to the enforcement of forum selection clauses.

As will be observed from the previous opinions, DeMag was the engineering firm which furnished the plans and specifications for a continuous casting plant built at Warren, Ohio, for the plaintiff. The plant was actually built by Birdsboro Corp., a Pennsylvania contractor. DeMag is a German concern doing business in the United States. It maintains an office in Pittsburgh and has sold its services here to various steel companies.

As we understand it, the plant was completely finished and turned over to plaintiff and operated for some short period of time during which, plaintiff claims, it would not operate as represented and it has not operated satisfactorily since then.

When sued here the defendants (called DeMag in this litigation) sought dismissal because of an alleged forum selection clause placing jurisdiction of certain disputes in Germany at the site of defendants' home office.

The clause is contained in a printed document entitled "General Conditions for the Export of Machinery" and reads, "Any disputes arising out of the terms of the contract shall be brought before the court of justice having jurisdiction in the area where the supplier has its main office."

The parties are in disagreement whether this clause was a part of the agreement between them. The plaintiff has furnished affidavits that the agreement by which the engineering services were furnished was composed of letters and conversations and trade practices and documents, none of which contemplated the printed clause and that no machinery was ever exported by DeMag in any event.

M/S Bremen was an admiralty case where Zapata hired a German firm to tow a drilling platform from the Gulf of Mexico to the Adriatic Sea. A forum selection clause was agreed upon in a contract which included exculpation of the towing firm for its negligence under cer-

tain conditions. The Supreme Court found that the clause had been negotiated in good faith. The forum selected for the trial of disputes was London. While en route the platform was lost in a storm and Zapata sued the German firm in the United States District Court in Tampa. The District Court held jurisdiction to belong in Tampa and this was affirmed by the Circuit Court but the Supreme Court held that Zapata had the burden of showing not only that the balance of convenience was strongly in favor of a trial in Tampa, but that the London trial would be so gravely inconvenient to Zapata that it would be effectively deprived of a meaningful day in court.

We have already decided that jurisdiction belongs here and that a hearing is unnecessary to determine that the balance of convenience is here. We do not believe that *M/S Bremen* requires a hearing in this case to determine either balance of convenience or grave inconvenience to plaintiff if it were required to litigate in Germany. The cases are not similar.

In *M/S Bremen* there was a neutral forum agreed upon which is absent here. The Supreme Court held that the negotiated forum selection clause was an "effort to . . . provide a neutral forum experienced and capable in the resolution of admiralty litigation."

The Supreme Court stated that the enforcement of a freely negotiated forum selection clause accords with concepts of freedom of contract and "reflects an appreciation of the expanding horizons of American contractors who seek business in all parts of the world." It said that the reason for its policy was that "for at least two decades we have witnessed an expansion of overseas commercial activities by business enterprises based in the United States" and that the expansion of American business will hardly be encouraged if, notwithstanding solemn contracts, we insist on a parochial concept that all disputes must be resolved under our laws and in our courts.

As we understand it, the reason for the policy behind *M/S Bremen* does not exist here. It was the German engineers who had expanded their horizons into the United States. They maintained an office in Pittsburgh and solicited business here. Their business will hardly be encouraged if they insist on trying the case in Germany because of a formal clause which applied to their export of machinery when they were really performing engineering services here.

Finally, the Supreme Court appears to be telling us to apply *M/S Bremen* in admiralty cases—"We believe this is the correct doctrine to be followed by federal district courts sitting in admiralty."

For these reasons we believe M/S Bremen does not require us to conduct a hearing when it is obvious to us that to move this litigation to Germany would impose upon the plaintiff grave inconvenience for the reasons already stated.

Discovery shall proceed as rapidly as possible.