**ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Plaintiff,**

v.

**TRAVELERS INDEMNITY COMPANY, Defendant.**

**Civ. A. No. CA 75–1790–J.**

United States District Court, D. Massachusetts.

Oct. 22, 1975.

---

Paul R. Devin, Peabody & Arnold, Boston, Mass., for plaintiff.

Thomas R. Murtagh, Mintz, Levin, Cohn, Glovsky & Popeo, Boston, Mass., for defendant.

### COURT'S RULING ON DEFENDANT'S MOTION TO DISMISS

JULIAN, Senior District Judge.

This cause is submitted on a motion to dismiss for lack of proper venue, filed by the defendant, Travelers Indemnity Company. The Court's jurisdiction is based on 28 U.S.C. § 1332. The plaintiff, St. Paul Fire and Marine Insurance Company, seeks to recover as a claimant under a payment bond issued by the defendant. On September 9, 1975, after a hearing, the defendant's motion was taken under advisement.

According to the allegations of the complaint, the plaintiff is the surety under a construction performance bond and a construction payment bond for Edward Sawyer Co. (Sawyer), the plumbing subcontractor on the the Dexter Park Apartment Project in Brookline, Massachusetts. The defendant is the surety under a construction payment bond issued April 13, 1972, for Frank Briscoe Co., Inc. (Briscoe), the general contractor of the Project. A subcontract agreement was executed between Briscoe and Sawyer on July 18, 1972.[1] It is asserted

---

1. While not material to our holding, we note that a second agreement was executed on November 30, 1973, between Briscoe, Sawyer and the plaintiff, in order to temporarily settle certain disputed claims arising between Briscoe and Sawyer and between Briscoe and

that the work under the subcontract agreement has been completed, that all valid claims for labor and materials furnished under the subcontract have been paid by the plaintiff, that an unpaid balance is due under the subcontract in the amount of $384,484 plus interest from November 30, 1974, and that demands have been unsuccessfully made on Briscoe for payment of this sum by both the plaintiff and Sawyer. The complaint further alleges that by virtue of the principle of subrogation, the agreement of November 30, 1973, an assignment in Sawyer's bond application of all rights growing out of the subcontract agreement, and the grant of the power of attorney, the plaintiff may assert Sawyer's claim against Briscoe.

Paragraph 3(c) of the payment bond issued by the defendant to Briscoe provides:

"*No suit or action shall be commenced hereunder by any claimant . . . other than* in a state court of competent jurisdiction in and for the county or other political subdivision of the state in which the project, or any part thereof is situated, *or in the United States District Court for the district in which the project, or any part thereof is situated, and not elsewhere.*" (Emphasis added.)

Since the project is located in Brookline, Massachusetts, the commencement of an action on the payment bond in this court complies with the terms of paragraph 3(c). Paragraphs 30 and 31 of the subcontract agreement state:

"30. When this subcontract is signed by contractor it is to be deemed executed and delivered in the State of New Jersey and shall be governed and shall be governed [sic] and construed and interpreted in accordance with the laws of the State of New Jersey."

"31. If the subcontractor shall institute *any suit or action for the enforcement of any of the obligations under the agreement,* the venue of such suit or action shall be laid in the County of Essex and State of New Jersey." (Emphasis added.)

The defendant moves to dismiss for lack of proper venue because it asserts that the venue provision of the subcontract agreement is controlling.

■ Initially it should be noted that in the absence of any contractual venue provision, the venue of this action in this court would be proper under 28 U.S.C. § 1391(c), since the plaintiff has alleged that the defendant is a corporation licensed to do business and doing business in Massachusetts, and the defendant has not placed this allegation in issue. Moreover, venue will have no bearing upon the application of the substantive rules of law in this case, because paragraph 30 of the subcontract agreement provides that New Jersey law shall be the governing law for the contract. The Court must determine (1) whether to give effect to either of the contract venue provisions and (2), if so, which venue provision should be applied.

"Forum-selection clauses have historically not been favored by American courts. Many courts, federal and state, have declined to enforce such clauses on the ground that they were 'contrary to public policy,' or that their effect was to 'oust the jurisdiction' of the court." *The Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 9, 92 S.Ct. 1907, 1913, 32 L.Ed.2d 513 (1971).

The modern trend, however, is to give effect to such clauses where the forum chosen is reasonable. *Spatz v. Nascone,* 368 F.Supp. 352 (W.D.Pa.1973), *affirm-*

the owner of the project, which threatened to disrupt the construction of the project. Pursuant to this second contract, the plaintiff agreed to continue the payment of all valid claims for materials, suppliers and labor payable in connection with Sawyer's completion of its performance under the subcon-

tract agreement. Further, the second contract authorized Briscoe to make all of its payments due under the subcontract agreement directly to the plaintiff. A power of attorney, executed by Sawyer on July 25, 1973, also directed payment to the plaintiff.

*ing,* 364 F.Supp. 967 (1973). *Accord, In-Flight Devices Corporation v. Van Dusen Air, Inc.,* 466 F.2d 220, 234 n. 24 (6 Cir. 1972); *Jack Winter, Inc. v. Koratron Company,* 326 F.Supp. 121 (N. D.Cal.1971); *Matthiessen v. National Trailer Convoy, Inc.,* 294 F.Supp. 1132 (D.Minn.1968). The Supreme Court adopted this view as the correct doctrine to be followed by federal district courts sitting in admiralty in *The Bremen v. Zapata Off-Shore Co., supra.* It is the opinion of this Court that the modern view should be followed in the present case.

With respect to the venue provision in the defendant's construction payment bond, no reason has been advanced as supporting a conclusion that its enforcement would be unreasonable. In contrast, there are significant grounds for holding that enforcement of the venue provision in the subcontract agreement would seriously impair the plaintiff's ability to pursue its cause of action. The proximity of witnesses and evidence to the place of trial is a factor to be considered in determining reasonableness. *Geiger v. Keilani,* 270 F.Supp. 761 (E.D.Mich.1967). In the present case it was represented to the Court at the hearing on the motion that all of the plaintiff's witnesses were residents of Massachusetts, while the defendant would be required to bring only three witnesses from New Jersey. The project was constructed in Massachusetts, Sawyer is located in Massachusetts, and the only nexus with New Jersey is the fact that Briscoe's principal place of business is located there. Moreover, the project may necessarily be the subject of a view during the course of the trial, a factor noted in *Copperweld Steel Co. v. Demag-Mannesmann-Boehler,* 54 F.R.D. 539 (W.D.Pa.1972), *rehearing denied,* D.C., 347 F.Supp. 53 (1972), *motion denied* D.C., 354 F.Supp. 571 (1973).

A more persuasive factor, indicating the unreasonableness of giving effect to the venue provision of the subcontract agreement, however, is the possibility that the designated New Jersey forum may not adjudicate the dispute, since a dismissal of the suit may lie by virtue of the venue provision of the defendant's payment bond. We must, therefore, determine which venue provision would be controlling, assuming, but not deciding, that both venue provisions were found to be reasonable.

■■■ The plaintiff brings this action as a claimant on the construction payment bond issued by the defendant. That bond expressly states:

"[E]very claimant as herein defined, who has not been paid in full before the expiration of a period of ninety (90) days after the date on which the last of such claimant's work or labor was done or performed, or materials were furnished by such claimant, *may sue on this bond for the use of such claimant,* prosecute the suit to final judgment for such sum or sums as may be justly due claimant, and have execution thereon." (Emphasis added.)

It was obviously the intention of the defendant, Briscoe, and the owner of the project, in entering into such an agreement, to establish a separate remedy for claimants as defined in the bond. The payment bond is an independent contract which is enforceable according to its own provisions. See, *4 Corbin on Contracts* § 799 (1951). Having bound itself to the terms of the construction payment bond agreement, Briscoe could not thereafter unilaterally vary those terms by entering into a separate contract with Sawyer. It must follow that an action on the defendant's payment bond is governed by the venue provision of the bond rather than the venue provision of the subcontract agreement. See, *Johnson Acoustics, Inc. v. P. J. Carlin Construction Co.,* 29 Conn.Sup. 457, 292 A.2d 273 (1971).

In light of our conclusion that the venue provision of the defendant's construction payment bond is controlling, the defendant's motion for dismissal must be denied.