■ FELIX CONTRACTING CORPORATION, Appellant, v FEDERAL INSURANCE CO. et al., Respondents. — In an action on a payment bond for the benefit of claimants supplying labor and materials, plaintiff appeals from an order of the Supreme Court, Westchester County (Jiudice, J.), dated November 16, 1982, which granted defendants' motion for an order dismissing the complaint. Order affirmed, with costs. Plaintiff alleges that it suffered damages arising out of its entry into two subcontracts with John T. Brady & Company (Brady) to perform demolition and construction work in connection with a general contract that Brady had previously entered into with the City of Stamford, Connecticut, whereby Brady undertook to construct a regional shopping center and garage. On or about December 18, 1978, Brady, as principal, and defendants, as sureties, executed a payment bond naming the City of Stamford

Urban Redevelopment Commission and Rich-Taubman Associates as obligees. The bond states that it is "furnished pursuant to Section 49-41 of the General Statutes of Connecticut, Revision of 1958". Plaintiff commenced the instant action in the Supreme Court, Westchester County. In lieu of answering, defendants moved pursuant to CPLR 3211 to dismiss the complaint. Defendants argued that plaintiff did not comply with section 49-42 of the General Statutes of Connecticut which limits all actions on the bond to the judicial district where the contract is to be performed and requires that all such actions be brought within one year after labor and material were last supplied. Special Term granted the motion. We affirm. As the bond was issued pursuant to the requirements of the Connecticut statute and the Connecticut courts have held that the provisions of the statute must be read into the bond (*International Harvester Co. v De Felice & Son,* 151 Conn 325; *American Masons' Supply Co. v Brown Co.,* 174 Conn 219), the action on the bond must be brought in the judicial district where the contract is to be performed (*Graybar Elec. Co. v New Amsterdam Cas. Co.,* 292 NY 246; *Omega N. Y. Prods. Corp. v Parisi Bros.,* 57 Misc 2d 1000). We have considered defendants' other contentions and find them to be lacking in merit. Lazer, J. P., Gibbons, Weinstein and Boyers, JJ., concur.