[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The motion to dismiss now before this court raises the issue whether the surety on a Rhode Island public works bond can be sued in Connecticut by a Connecticut shipper who has performed services on the construction project.
The defendant, Reliance Insurance Company, asserts that this CT Page 7008 court lacks jurisdiction because the situation does not come within the provisions of Connecticut's corporate long-arm statute, § 33-411 (c) C.G.S., and because the exercise of jurisdiction would offend principles of due process of law pursuant to InternationalShoe v. Washington, 326 U.S. 310 (1945). The defendant further asserts that this court should give effect to a Rhode Island statute which gives the courts of Rhode Island jurisdiction over suits brought to recover under public works bonds.
At a hearing for the purpose of establishing jurisdictional facts, the following facts were presented:
Reliance Insurance Company, a stock corporation incorporated in Pennsylvania, is the surety for a contract bond dated July 7, 1989 concerning a contract between Forte Brothers Construction Company and the State of Rhode island [Island]. The bond was not executed in Connecticut and the subject of the bond was road construction in Rhode Island. Reliance Insurance Company is registered to do business in Connecticut. The plaintiff, J. R. Cristoni, a Connecticut resident, claims to have entered into a contract with an entity known as H. B. Welding, a Rhode Island corporation whose place of business is in Rhode Island, to deliver materials originating from Standard Structural Steel in Newington, Connecticut, to the construction site in North Kingstown, Rhode Island.
The Rhode Island statute which gives rise to a cause of action on the bond, § 37-12-3, provides that the remedy thereon shall be "by civil action brought in the superior court for the counties of Providence and Bristol."
According to the sheriff's return, the plaintiff served the defendant by leaving two copies of process at the office of the insurance commissioner of the State of Connecticut and by mailing another copy by certified mail to the defendant at an address in Philadelphia, Pennsylvania.
While the plaintiff claims that the defendant does substantial business in Connecticut, it has offered no evidence to establish that such was the case at any relevant time. The burden of proof of facts sufficient for exercise of jurisdiction is on the plaintiff. Standard Tallow Corp. v. Jowdy, 190 Conn. 48, 51-52
(1983).
Though the plaintiff has not explicitly identified the statute CT Page 7009 under which it claims jurisdiction, it appears to be relying on § 33-411 (c) C.G.S. That statute provides that a foreign corporation shall be subject to suit by a Connecticut resident in Connecticut on any cause of action arising 1) out of a contract made in this state or to be performed in this state, 2) out of any business solicited in this state by mail or otherwise if the foreign corporation has repeatedly solicited business, 3) out of the production, manufacture or distribution of goods by that corporation with a reasonable expectation that the goods are to be used in this state, and 4) out of tortious conduct in this state.
The jurisdictional facts established satisfy none of the enumerated situations. The bond contract was not shown to have been executed, negotiated, or agreed to in Connecticut, and the defendant surety was not shown to have had any contact whatever with the plaintiff.
Though the plaintiff has not specifically invoked § 52-59b
C.G.S., that statute likewise does not apply. That statute provides that Connecticut courts may exercise jurisdiction over nonresidents as to causes of action arising from 1) the transaction of business within this state; 2) commission of a tortious act within the state (with certain inapplicable exceptions for actions concerning defamation); 3) commission of a tortious act outside the state causing injury to person or property; or 4) ownership, use or possession of any real property situated in this state.
The defendant surety is not alleged to have transacted business in Connecticut as to the transaction at issue; and none of the other situations enumerated in § 52-59b C.G.S. is applicable. While the plaintiff may have been hired in Connecticut to haul steel to Rhode Island, it was not hired by the defendant.
In its supplemental brief, at page 2, the plaintiff acknowledges courts have entertained actions to enforce foreign bonds "if the defendant is within the jurisdictional reach of the court." It is by no means clear that this court has such in personam jurisdiction. Even if personal jurisdiction were established, subject matter jurisdiction is also at issue.
Connecticut courts have held that the provision of statutes as to bonds must be read into the bond. American Masons' Supply Co.v. F. W. Brown Co., 174 Conn. 219, 225 (1978); InternationalHarvester Co. v. L. G. DeFelice Son, 151 Conn. 325, 333, 197 (1964); New Britain Lumber Co. v. American Surety Co., 113 Conn. 1, CT Page 7010 5 (1931). The Rhode Island statute that provides a remedy under a public works project bond, § 37-12-3, specifies that the remedy is by suit brought in the superior court for Providence and Bristol counties.
Where the statute providing for suit on a statutory bond specifies the venue for such remedy, failure to bring the action in the designated court has been held to warrant dismissal. FelixContracting Corp. v. Federal Insurance Co., 468 N.Y.S.2d 39 (A.D. 2 Dept. 1983). (New York Court dismissing action based on Connecticut statutory bond); Omega New York Products Corp. v.Parisi Bros., Inc., 293 N.Y.S. 879, 57 Misc.2d 1000 (1968); Longv. Ferris, 94 N.Y.S.2d 493, 495, 196 Misc. 567, 568-69 (1949).
Since Connecticut regards its own bond statutes regarding public works projects as providing binding limitations on the court in which a remedy may be sought, and since other courts, cited above, give effect to this limitation, it appears appropriate that Connecticut courts should honor the similar venue provisions of bond enforcement statutes as to public works projects of other states especially since, as is noted above, the plaintiff has identified no source of statutory long-arm jurisdiction over the nonresident surety.
The motion to dismiss is granted.