### R.W. GRANGER & SONS, INC., Plaintiff,

v.

### ROJAC COMPANY, INC., Defendant.

#### Civ. A. No. 93–40045–NMG.

United States District Court, D. Massachusetts.

May 16, 1995.

Michael S. Levitz, Vena, Truelove, Riley & Domestico, Boston, MA, for plaintiff.

Gerard R. Laurence, Daniel M. Wrenn, Milton, Laurence & Dixon, Worcester, MA, Kevin M. Roche, Dennis C. Cavanaugh, Erin M. Kallaugher, Halloran & Sage, Hartford, CT, for defendant.

## MEMORANDUM AND ORDER

GORTON, District Judge.

Pending before this Court is a motion by the defendant, Rojac Company, Inc. ("Rojac"), to dismiss this case for improper venue. More specifically, Rojac alleges that the forum selection clauses in the subcontracts between itself and the plaintiff, R.W. Granger & Sons, Inc. ("Granger"), are unreasonable, and therefore, unenforceable. Rojac also contends that Massachusetts is a forum non conveniens for this case, and that this case should be dismissed to permit the parties to proceed with the two related actions in Connecticut and New York. The plaintiff opposes the motion to dismiss on the grounds that the forum selection clauses in the Granger–Rojac subcontracts are enforceable and Massachusetts is a convenient forum in which to try this case.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case involves two subcontracts between Granger, the general contractor, and

Rojac, the lath and drywall subcontractor. Granger, a Massachusetts corporation, hired Rojac, a Connecticut corporation, to perform certain work on a correctional facility in Lansing, New York (the "Lansing Project") and on schools in Danbury, Connecticut (the "Danbury Project").

Both subcontracts contain the following provision:

> This agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Massachusetts. Trade Contractor agrees to submit to the jurisdiction of the courts of the Commonwealth of Massachusetts ...

That provision appears on the signature page of both contracts, and was the subject of negotiations between the parties.

Both the Lansing and Danbury Projects are public works projects. Pursuant to New York and Connecticut law, Granger, as the general contractor, was required to obtain Labor and Material Bonds to protect its suppliers. The bonds in both projects provided that actions commenced on such bonds or by any claimants thereunder would be brought in the respective state in which the bond was issued.

In the pending action, Granger has sued Rojac in Massachusetts alleging breach of contract (for abandoning its work on the Lansing Project), breach of duty to provide non-negligent performance (for negligence for causing asbestos contamination at the Danbury Project), and unfair and deceptive acts (for filing deliberately exaggerated liens). After the initiation of Granger's Massachusetts suit, Rojac filed actions in New York and Connecticut on the bonds in the Lansing and Danbury Projects, respectively. Rojac contends that, pursuant to the bond agreements, it is obligated to sue on the bonds in New York and Connecticut and that it is unreasonable and judicially inefficient for disputes between the parties to be litigated in Massachusetts, New York, and Connecticut. Rojac concluded that this Court should, therefore 1) decline to enforce the forum selection clause in the subcontract which designates Massachusetts as the forum for Granger's claims and 2) dismiss this case.

## II. THE FORUM SELECTION CLAUSES

### A. The Legal Standard

■ Under federal common law, it is well-settled that "parties to a contract may agree in advance to submit to the jurisdiction of a given court ..." *National Equipment Rental, Ltd. v. Szukhent,* 375 U.S. 311, 316, 84 S.Ct. 411, 414, 11 L.Ed.2d 354 (1964); *The Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 15, 92 S.Ct. 1907, 1916, 32 L.Ed.2d 513 (1972); *Insurance Corporation of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 703–04, 102 S.Ct. 2099, 2104–05, 72 L.Ed.2d 492 (1982). Federal law dictates that a court should enforce a forum selection clause in a contract unless the objecting party can "clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *The Bremen,* 407 U.S. at 15, 92 S.Ct. at 1916.

The law of Massachusetts was recently settled when the Supreme Judicial Court held, "[w]e accept the modern view that forum selection clauses are to be enforced if it is fair and reasonable to do so." *Jacobson v. Mailboxes Etc. U.S.A., Inc.,* 419 Mass. 572, 574–75, 646 N.E.2d 741 (1995), *citing* Restatement (Second) of Conflict of Laws § 80 (1988 revision). Because there is no material discrepancy between Massachusetts law and federal law, "we need confront neither the choice-of-law issue nor the daunting question whether forum selection clauses are to be treated as substantive or procedural for *Erie* purposes." *Lambert v. Kysar,* 983 F.2d 1110 (1st Cir.1993).

### B. Rojac's Argument

Rojac asserts that this Court should neither enforce the forum selection clause nor exercise jurisdiction over Rojac because it is unreasonable and inefficient to force Rojac to appear in Massachusetts to defend this claim. In support of its position, Rojac cites cases in which subcontractors filed suit on payment bonds in the jurisdiction of the building projects, as required by the forum selection clauses in those bonds. In the cited cases, however, where different forums were desig-

nated, the Courts opted to favor the bond forum selection clauses over the subcontract forum selection clauses because: 1) the suits were based on the payment bonds, 2) witnesses and evidence were located in the bond forums, and 3) the subcontractors might otherwise have been deprived of a forum in which to litigate their claims if the alternative forums refused to entertain suits on the bonds. *Johnson Acoustics, Inc. v. P.J. Carlin Construction Co.,* 29 Conn.Sup. 457, 292 A.2d 273 (1971); *Omega New York Products Corp. v. Parisi Bros. Inc.,* 57 Misc.2d 1000, 293 N.Y.S.2d 878 (1968); *St. Paul Fire & Marine Ins. Co. v. Travelers Indemnity Co.,* 401 F.Supp. 927 (D.Mass.1975).

Mass.R.Civ.P. 13(a) provides that counterclaims arising out of the same transaction or occurrence as the opposing party's claims are not compulsory if they "constitute an action required by law to be brought in a county other than the county in which the court is sitting." Accordingly, Rojac's bond claims are not compulsory counterclaims in Granger's suit because those claims are statutorily and contractually required to be asserted in the New York and Connecticut courts. Therefore, Rojac will not be deprived of a forum in which to litigate its claims against Granger if this Court enforces the subcontract forum selection clause and denies the motion to dismiss.

Rojac contends, however, that dismissal of the Massachusetts suit is appropriate, even though the Massachusetts suit will not deprive Rojac of a forum for its bond claims, because the *Johnson Acoustics, Omega,* and *St. Paul* decisions stand for the proposition that bond forum selection clauses are to be favored over subcontract forum selection clauses. Rojac also argues that 1) two actions are more efficient than three, 2) Connecticut and New York are more appropriate forums because viewings of the projects might be necessary, and 3) an early trial date is likely in Connecticut because courts there give priority to reimbursement actions on surety bonds.

### C.  *Discussion*

■ The Court finds Rojac's arguments unpersuasive and concludes that the forum selection clause in the Granger–Rojac subcontract is reasonable and enforceable. As a general contractor which does business with various subcontractors in several jurisdictions, Granger rationally and legitimately designates Massachusetts as the forum for its claims in each of its subcontracts. Because the pending action involves Rojac's alleged breach of the subcontract and its failure to perform its duties thereunder, the subcontract forum selection clause should control.

■ Furthermore, Rojac's suits on the bonds do not affect the enforceability of the forum selection clauses in the subcontracts. This case is distinguishable from the *Johnson Acoustics, Omega,* and *St. Paul* cases because 1) this action concerns an alleged breach of the subcontract (as opposed to an action on the bond), 2) several of Granger's witnesses are from Massachusetts and 3) Rojac will not be deprived of a forum in which to litigate its claims if this suit is permitted to continue. Moreover, if the bond clauses were held to control here, it would be virtually impossible for a general contractor on a public project to sue a subcontractor in any forum other than the site of the project (given that surety bonds generally require suits thereon to take place in the locality of the public project.) Such a result would be unworkable and is unwarranted.

Courts in the community in which the project is located have an interest in hearing a suit for non-payment on a bond because a subcontractor is likely to sue the municipal sponsor of the project for unjust enrichment if it cannot obtain payment from the contractor or the bond holder. However, the local courts have less interest in deciding a general contractor's claims because the general contractor has no basis on which to sue the municipality for insufficient services performed by its own subcontractor. Consequently, the Court finds that the forum selection clauses in the subcontracts are reasonable and enforceable.

### III.  FORUM NON CONVENIENS

Rojac contends that even if this Court finds that the forum selection clauses in the

subcontracts are reasonable, the present action should be dismissed under the doctrine of *forum non conveniens.*

## A. *The Legal Standard.*

■ In general, a district court has inherent power to decline to exercise jurisdiction over a case when an adequate, alternative forum is available. *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 506–07, 67 S.Ct. 839, 842, 91 L.Ed. 1055 (1947); *Mercier v. Sheraton International Inc.,* 935 F.2d 419 (1st Cir.1991). When transferring a case from one federal district to another, the Court's decision is governed by 28 U.S.C. § 1404(a) which provides:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district of division where it might have been brought.

While the defendant has not brought its motion pursuant to that statute, it is applicable to this case. The common law doctrine of *forum non conveniens* is narrower, and is generally applied in cases involving transfer to an international forum. *Mercier,* 935 F.2d at 423 n. 4.

> The Supreme Court has held that:
>
> Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an "individualized, case-by-case consideration of convenience and fairness." *Van Dusen v. Barrack,* 376 U.S. 612, 622 [84 S.Ct. 805, 812, 11 L.Ed.2d 945] (1964). A motion to transfer under § 1404(a) thus calls on the district court to weigh in the balance a number of case-specific factors. The presence of a forum selection clause such as the parties entered into in this case will be a significant factor that figures centrally in the district court's calculus.

*Stewart Organization, Inc. v. Ricoh Corp.,* 487 U.S. 22, 29, 108 S.Ct. 2239, 2244, 101 L.Ed.2d 22. In particular, the *Stewart* Court directed the district court to consider 1) the convenience of the chosen forum, 2) the fairness of a transfer in light of the forum selection clause and the relative bargaining power of the parties, 3) convenience of the witnesses, and 4) public interest factors of systemic integrity and fairness. *Id.* at 29–30, 108 S.Ct. at 2243–44.

## B. *Discussion.*

■ In the case at bar, Rojac argues that private and public interests should lead this Court to disregard the subcontract forum selection clauses and dismiss this case. In particular, Rojac contends that proximity to the project sites is crucial. Granger responds that it is unfair for Rojac to object to venue in Massachusetts after it signed contracts designating the Commonwealth as the forum in which disputes would be litigated. Granger further asserts that, on the facts of this case, litigation of Granger's claims in Massachusetts is convenient.

Upon a motion for transfer to an alternative forum, "the plaintiff's choice of forum is entitled to great weight," and therefore, "the burden is on the defendants to show that a transfer is warranted." *Shipley Co., Inc. v. Clark,* 728 F.Supp. 818, 823 (D.Mass.1990). In support of its claim of inconvenience, Rojac has an affirmative burden to "clearly specify the key witnesses to be called and make a general statement of what their testimony will cover." *Shipley,* 728 F.Supp. at 823–24.

In *Shipley,* the Court denied a motion to transfer venue, finding that 1) defendant had merely made "bald assertions" that the relevant evidence and witnesses were located in Michigan, 2) plaintiff had submitted an affidavit listing the Massachusetts residents it intended to call at trial, and therefore, 3) it would be just as inconvenient for plaintiff to go to Michigan as it would be for defendant to come to Massachusetts.

The case at bar is similar. Here, Rojac has broadly asserted that pertinent witnesses and evidence are located at the project sites and that a viewing of the property may be required. It has not, however, filed a list of the specific witnesses it intends to call.

On the other hand, Granger, the plaintiff and the party which bears the burden of proof on the issues of breach of contract and negligence, asserts that proximity to the project will not be crucial at trial, and that many of its witnesses are located in Massachusetts.

In light of the broad contentions of Rojac and the relatively specific representations by Granger, this Court finds that Rojac's inconvenience in litigating in Massachusetts does not outweigh Granger's inconvenience in litigating its primary claims in New York and Connecticut.

Furthermore, Rojac has made no showing that there was unequal bargaining power between Granger and itself, or that it was unaware of the forum selection provisions in the subcontracts. The forum selection clauses, therefore, are given significant weight in the Court's consideration.

Finally, the Courts of Massachusetts have an interest in hearing this case. Pursuant to the subcontract, Massachusetts law will be applied. Courts have noted that:

> [t]here is an appropriateness ... in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.

*Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 509, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947).

Accordingly, the Court finds that in light of the subcontract forum selection clauses, and the public and private interests in this case, Massachusetts is a convenient and appropriate forum in which to litigate Granger's claims.

### ORDER

For the foregoing reasons, the defendant's motion to dismiss is DENIED.

SO ORDERED.