**INSO CORPORATION and Inso Chicago Corporation, Plaintiffs,**

v.

**DEKOTEC HANDELSGES, mbH, Defendant.**

**No. CIV.A. 97–12803–EFH.**

United States District Court, D. Massachusetts.

March 26, 1998.

Joseph L. Demeo, Law Office of Joseph L. Demeo, P.C., Boston, MA, for Plaintiffs.

Daryl J. Lapp, Kenneth W. Salinger, Palmer & Dodge, Boston, MA, for Defendant.

## *MEMORANDUM AND ORDER*

HARRINGTON, District Judge.

This is a diversity action sounding in contract and tort which is before this Court pursuant to 28 U.S.C. § 1332. Defendant

has moved to dismiss the action for lack of personal jurisdiction.

*Background*

Plaintiffs Inso Corporation and Inso Chicago Corporation ("Inso") develop and distribute file viewing technology for use in computer software. Inso's headquarters are located in Boston, Massachusetts. Defendant Dekotec Handelsges, mbH ("Dekotec") produces and distributes computer products. Dekotec is a German corporation with its principal place of business in Hamburg, Germany.

Inso claims that, in April, 1997, it executed a software license agreement ("the Agreement") with Dekotec whereby Inso would license its file viewing technology to Dekotec in exchange for six fixed semi-annual payments and an additional per unit royalty payment. Inso alleges that it fulfilled its obligation by providing the technology to Dekotec, but Dekotec breached the Agreement by failing to make the required payments.

*Personal Jurisdiction*

Since this is a diversity case, personal jurisdiction is determined by state law. *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 711, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982). Normally, under Massachusetts law, a plaintiff bears the burden of establishing that personal jurisdiction over a non-resident is proper under both (1) the forum's long-arm statute; and (2) the Due Process Clause of the United States Constitution. *Ticketmaster–New York, Inc. v. Alioto,* 26 F.3d 201, 204 (1st Cir.1994).

Dekotec has moved to dismiss the case pursuant to Fed.R.Civ.P. 12(b)(2) contending that neither prong is satisfied in the instant circumstances. First, Dekotec argues that personal jurisdiction does not lie under the Massachusetts long-arm statute (Mass. Gen.L. ch. 223A, § 3) since Dekotec neither transacts business in the Commonwealth nor supplies services or things in the Commonwealth. Second, Dekotec contends that it does not have sufficient "minimum contacts" with Massachusetts to permit this Court to exercise jurisdiction over it. *See Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 471–472, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

■ Inso argues that review under the long-arm statute and application of the minimum contacts test is unnecessary because Dekotec consented to personal jurisdiction by signing the Agreement. In particular, Inso relies upon Paragraph 12.8 which provides:

This Agreement shall be deemed a contract made and performed in Massachusetts, shall be construed and governed by the laws of Massachusetts and shall bind the parties, their successors and permitted assigns. The parties stipulate that the proper forum, venue and court for any legal action arising from or in connection with this Agreement shall be the state courts of the Commonwealth of Massachusetts for Suffolk County or the United States District Court for the District of Massachusetts. The licensee agrees that it will not commence any action against Inso except in such courts.

■ A party to a contract may waive its right to challenge personal jurisdiction by consenting to personal jurisdiction in a forum selection clause. *M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 11, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972); *Jacobson v. Mailboxes, Etc. U.S.A.,* 419 Mass. 572, 575, 646 N.E.2d 741 (1995). In *Bremen,* the United States Supreme Court explicitly stated that "parties to a contract may agree in advance to submit to the jurisdiction of a given court." *Bremen,* 407 U.S. at 11. Massachusetts also recognizes forum selection clauses as a valid basis for finding jurisdiction over a non-resident. *Leasecomm Corp. v. Crockett,* 1998 WL 15935, *2 (Mass.App.Div.); *Jacobson,* 419 Mass. at 575, 646 N.E.2d 741. Since both the state and federal courts acknowledge that parties may contractually consent to jurisdiction, the key issue in this case is whether Dekotec consented to jurisdiction by assenting to Paragraph 12.8 of the Licensing Agreement.

Unlike the forum selection clauses in *Leasecomm* and *Jacobson,* where the parties explicitly consented to personal jurisdiction, *see Leasecomm,* 1998 WL 15935 at *2; *Jacobson* 419 Mass. at 573, 646 N.E.2d 741; *see also R.W. Granger & Sons, Inc. v. Rojac Co., Inc.,* 885 F.Supp. 319 (D.Mass.1995); *Shapiro*

*Woolen Co., Inc. v. Amerotron Corp.,* 339 Mass. 252, 256, 158 N.E.2d 875 (1959), the forum selection clause in this case does not explicitly address the issue of personal jurisdiction. Instead, the forum selection clause simply states that "the parties stipulate that the proper forum ... shall be ... the United States District Court for the District of Massachusetts."

Since there was no explicit consent to personal jurisdiction, this Court must determine whether a party's stipulation to Massachusetts as the proper forum constitutes an implied consent to personal jurisdiction in Massachusetts. There are no First Circuit cases dealing directly with this question. The only three federal district courts which have addressed the issue have held that contractual stipulation to a particular forum implies consent to personal jurisdiction in that forum. *See Richardson Greenshields Securities, Inc. v. Metz,* 566 F.Supp. 131, 133 (S.D.N.Y.1983); *Intermountain Systems, Inc. v. Edsall Construction Co., Inc.,* 575 F.Supp. 1195, 1198 (D.Colo.1983); *Mutual Fire Marine and Inland Insurance Co. v. Armour,* 1987 WL 9658, *1 (E.D.Pa.). This Court agrees with this line of cases. "A waiver of objection to venue would be meaningless ... if it did not also contemplate a concomitant waiver of objection to personal jurisdiction." *Richardson* at 133. Hence, this Court rules that the Dekotec's assent to Paragraph 12.8 amounts to consent to personal jurisdiction in the United States District Court for the District of Massachusetts.

Contract and fault form the fundamental jurisprudential bases for legal liability. Courts must support that foundation, lest it begin to erode. Defendant is required to abide by its agreement.

For the reasons stated above Dekotec's Motion to Dismiss for lack of personal jurisdiction is denied.

SO ORDERED.