## RESCRIPT OPINIONS.

CELCO, INC. vs. COMPUTER SYSTEMS ENGINEERING, INC. June 5, 1984. *District Court,* Record, Appellate Division. *Contract,* Choice of forum provision.

Following a District Court trial, the judge awarded damages for rent not paid for the lease of a copying machine. The defendant was unsuccessful on appeal to the Appellate Division and comes here arguing that it is not liable under the rental agreement because the plaintiff broke express warranties concerning the quality of performance of the machine. The judge made no finding that the plaintiff made any express warranty. The defendant did not request a ruling that the evidence warranted a finding that the plaintiff made an express warranty concerning the quality of the copies to be produced by the machine. Even if such a request had been made, the report from the trial judge does not indicate that it contains all the evidence bearing on the question whether the plaintiff made an express warranty. The issue is not before us on the record.

The defendant, a Massachusetts business corporation, claims that the court should enforce the provision in the rental agreement providing that the rights of the parties should be determined in the courts of Illinois, the plaintiff corporation's home State. The defendant first raised this issue in its request for rulings, filed after trial. Assuming that such a clause would be enforceable against an out-of-State seller or lessor who has put the provision in its standard form, we simply conclude that the issue, not presented in the defendant's answer or in any pretrial motion, was raised too late. Mass. R. Civ. P. 12 (b), (h) (1), 365 Mass. 754 (1974). See *Randolph Eng'g Co.* v. *Fredenhagen Kommandit-Gesellschaft,* 476 F. Supp. 1355, 1357-1359 (W.D. Pa. 1979).

*Order dismissing report affirmed.*

*John S. Legasey* for the defendant.

*Robert D. Friedman* for the plaintiff.