CARL M. JACOBSON & another[1] vs. MAILBOXES ETC.
U.S.A., INC., & another.[2]

Middlesex. December 6, 1994. - March 2, 1995.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Conflict of Laws. Contract*, Choice of forum clause, Choice of law clause.
*Practice, Civil*, Choice of forum.

This court stated that it accepts the modern view that forum selection
  clauses in commercial contracts are to be enforced if it is fair and rea-
  sonable so to do. [574-575]
Discussion of the law of California with respect to forum selection clauses
  in commercial contracts. [575-578]
This court concluded that, with respect to a contract stating that it was to
  be "construed under and governed by" the laws of California and that
  California was to be the forum for actions to enforce the contract, Cali-
  fornia courts would not apply those terms of the contract to claims
  based on allegations of precontract misrepresentations and fraud in the
  inducement, including allegations of precontract violations of G. L. c.
  93A. [578-579]
Discussion of factors to be considered on remand of an action concerning a
  franchise agreement to determine whether the forum selection clause in
  the contract, which was applicable to some claims but not others, was
  to be enforced. [579-580]

CIVIL ACTION commenced in the Superior Court Depart-
ment on April 21, 1992.

The case was reported to the Appeals Court by *Thayer
Fremont-Smith*, J. The Supreme Judicial Court on its own
initiative transferred the matter from the Appeals Court.

*David C. Hawkins* for the plaintiffs.

---

[1]Regina P. Jacobson. Other plaintiffs below are not parties to the
proceedings in this court.

[2]Lawrence Ovian.

*Donnalynn B. Lynch Kahn* (*Gary R. Greenberg & Louis J. Scerra, Jr.,* with her) for the defendants.

WILKINS, J. In the latter part of February, 1989, the plaintiffs executed a franchise agreement with Mailboxes Etc. U.S.A., Inc. (Mailboxes), under which the plaintiffs were licensed to operate a Mailboxes facility in Needham. The endeavor was not a success.

In April, 1992, the plaintiffs commenced this action, alleging in their amended complaint that Mailboxes had failed to fulfil various obligations of the franchise agreement; that Mailboxes and its agent, the defendant Ovian, had violated a fiduciary duty owed to the plaintiffs; that the defendants were liable for deceit that induced the plaintiffs to sign the franchise agreement; and that the defendants had engaged in unfair or deceptive acts or practices prohibited by G. L. c. 93A (1992 ed.).

In their answer to the amended complaint (and to the original complaint), the defendants alleged that the franchise agreement contained a forum selection clause that required the plaintiffs to bring any such action in California.[3] It is undisputed, on the record before us, that the franchise agreement provided that "Venue and Jurisdiction for all actions enforcing this agreement are agreed to be in the City of San Diego, County of San Diego, California." The agreement also provided, as applicable to this case, that it "is to be construed under and governed by the laws of the State of California."

After considerable discovery, the defendants moved for summary judgment. The motion judge denied the motion, because he believed that there were disputes of material fact on the substantive merits. He concluded further, relying on the holding in *Nute v. Hamilton Mut. Ins. Co.,* 6 Gray 174 (1856), that Massachusetts would not enforce the forum selection clause. The motion judge recognized, however, that

---

[3]Although the defendant Ovian was not a party to the franchise agreement, the plaintiffs do not argue that he may not rely on the forum selection clause to the same extent that Mailboxes may.

recent decisions had placed the holding of the *Nute* opinion in doubt, and, therefore, he reported his ruling on the forum selection clause, but no other ruling, to the Appeals Court.[4] We transferred the report to this court on our own motion.

Although for many decades Massachusetts did not enforce forum selection clauses except in special cases (see *Nute v. Hamilton Mut. Ins. Co.*, 6 Gray 174, 184 [1856]; *Nashua River Paper Co.* v. *Hammermill Paper Co.*, 223 Mass. 8, 19 [1916]), more recent opinions indicate that such clauses are not inherently inappropriate (see *W.R. Grace & Co.* v. *Hartford Accident & Indem. Co.*, 407 Mass. 572, 582 n.13 [1990]; *Ernest & Norman Hart Bros.* v. *Town Contractors, Inc.*, 18 Mass. App. Ct. 60, 65 [1984]). See *Lambert v. Kysar*, 983 F.2d 1110, 1116-1118 (1st Cir. 1993). Our Appeals Court recently stated that this court's opinion in *W.R. Grace & Co.* v. *Hartford Accident & Indem. Co.*, *supra*, overruled the *Nute* and *Nashua River Paper Co.* cases, cited above. *Simplex Time Recorder Co.* v. *Federal Ins. Co.*, 37 Mass. App. Ct. 947, 947-948 (1994). In *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972), the Supreme Court announced the Federal common law rule that forum selection clauses are valid and enforceable, except when it is shown that enforcement would be unreasonable. We accept

[4]The judge asked for guidance on the following questions:

"1. Does *Nute* control, or is a forum selection clause to be enforced, in the absence of 'fraud, undue influence, overweening bargaining power or such serious inconvenience in litigating in its selected forum that [plaintiff] is effectively deprived of its day in court?' *C. Pappas Co., Inc.* v. *E. & J. Gallo Winery*, 565 F. Supp. 1015, 1017 (D. Mass. 1983).

"2. If *Nute* does not control, should this Court hold a preliminary trial or otherwise make findings as to whether there was fraud, undue influence, overweening bargaining power or serious inconvenience?

"3. If *Nute* does not control, and if none of the factors in No. 2 are found, should this Court never-the-less take jurisdiction over the c. 93A claims, as was done in *Davidson* v. *Mailboxes Etc., Inc.*, C.A. 92-6743 (Superior Court order dated 10/15/93)?"

Unlike a single justice of this court who, pursuant to Mass. R. Civ. P. 64, 365 Mass. 831 (1974), may report a question for appellate consideration, a trial judge may not report a question of law in a civil action but may report the propriety of a ruling or order, in circumstances described in rule 64, as the motion judge did in this case.

the modern view that forum selection clauses are to be enforced if it is fair and reasonable to do so. See Restatement (Second) of Conflict of Laws § 80 (1988 revision) ("The parties' agreement as to the place of the action will be given effect unless it is unfair or unreasonable")[5] ; Annot., Validity of Contractual Provision Limiting Place or Court in which Action may be Brought, 31 A.L.R.4th 404, 409 (1984 & Supp. 1994).

What we have just stated about Massachusetts law does not, however, answer the question whether the motion judge properly ruled not to enforce the agreement's forum selection clause. The agreement stated that it "is to be construed under and governed by the laws of the State of California." Therefore, in the absence of any substantial Massachusetts public policy reason to the contrary, Massachusetts's attitude toward the forum selection clause is unimportant, and we should turn to the law of California to determine the effect of that clause. See *Morris* v. *Watsco, Inc.*, 385 Mass. 672, 674-675 (1982); *Lambert* v. *Kysar*, supra at 1118-1119; *Smith, Valentino & Smith, Inc.* v. *Superior Court*, 17 Cal. 3d 491, 494 (1976); Restatement (Second) of Conflict of Laws § 187 (1971 & rev. 1989). In looking to California law, not only must we consider the enforceability of such a clause but we must also consider whether California would construe the particular clause in this case to apply not only to claims made under the agreement but also to claims of precontract deceit and other wrongs that allegedly induced the plaintiffs to sign the franchise agreement. The forum selection clause refers to "Venue and Jurisdiction for all actions enforcing this agreement." Thus the question arises whether language

---

[5]"A court will entertain an action brought in violation of a choice-of-forum provision if it finds that the provision was obtained by fraud, duress, the abuse of economic power or other unconscionable means. Relevant in this connection, but not of itself controlling, would be the fact that the provision was contained in an adhesion  take-it-or-leave-it contract whose provisions the party bringing the action was compelled to accept without argument or discussion." Restatement (Second) of Conflict of Laws § 80 comment c (1971 & rev. 1989).

concerning actions enforcing the agreement extends to claims based on allegedly unlawful conduct that led the plaintiffs to execute the agreement.[6]

California will enforce forum selection clauses in accord with the modern trend. See *Nedlloyd Lines B.V. v. Superior Court*, 3 Cal. 4th 459, 464 (1992), adopting principles of the Restatement (Second) of Conflict of Laws § 187 (1988 revision); *Smith, Valentino & Smith, Inc., supra* at 496 (enforcing clause calling for Pennsylvania forum, citing *The Bremen v. Zapata Off-Shore Co., supra*); *Cal-State Business Prods. & Servs., Inc. v. Ricoh*, 12 Cal. App. 4th 1666, 1679 (1993) (provision for New York forum enforced). The more difficult problem is to determine the reach of the forum selection clause under California law. The judge did not advert to this issue, nor have the parties addressed it.

California uses substantially the same reasoning in construing the reach of forum selection clauses as it does in construing the reach of contractual choice of law provisions. See *Cal-State Business Prods. & Servs., Inc. v. Ricoh, supra* at 1676-1677. In *Nedlloyd Lines B.V. v. Superior Court, supra*, the California Supreme Court held that a choice of law clause that provided that a contract was to be "governed by" the law of Hong Kong was enforceable and was "applicable to claims for breach of the implied covenant of good faith and fair dealing and for breach of fiduciary duties allegedly

---

[6]Although the words "venue" and "jurisdiction" appear in the forum selection clause, this issue involves neither venue nor jurisdiction in the traditional sense. The trial court had jurisdiction of this case. Parties cannot deny jurisdiction by such an agreement. The question under forum selection clauses is whether an agreement of the parties as to where certain actions must be brought will be enforced in the circumstances. If so, the court will decline to exercise its undoubted jurisdiction in response to a voluntary choice of a different forum.

The question whether Mailboxes waived its right to rely on the forum selection clause is not before us. In any event, Mailboxes did raise the issue in its answers to the complaint and amended complaint. Cf. *Celco, Inc. v. Computer Sys. Eng'g, Inc.*, 392 Mass. 1001 (1984). As is apparent from the factual issues that bear on the enforceability of the forum selection clause, no waiver can be found in the taking of depositions and in other pretrial activities in this case.

arising out of the contract." *Id.* at 462. The court reasoned that parties, who were sophisticated commercial entities (*id.* at 468), would not rationally "intend that the laws of multiple jurisdictions would apply to a single controversy having its origin in a single, contract-based relationship." *Id.* at 469. It does not appear that the *Nedlloyd Lines* case involved any claim of fraud in the inducement or other precontract wrong. Three Justices of the California court dissented on the ground that the court gave too broad a sweep to the language of the choice of law clause. See *id.* at 472 (Panelli, J., dissenting, with whom Mosk, J., joined); *id.* at 474 (Kennard, J., dissenting). The dissenting opinions pointed out that the language of the clause in *Smith, Valentino & Smith, Inc.* v. *Superior Court, supra* (applying to any matter "growing out of this agreement") was broader in scope than the clause before the court ("This Agreement shall be governed by . . ."). *Id.* at 473. *Id.* at 490.[7]

In *Cal-State Business Prods. & Servs., Inc.* v. *Ricoh, supra,* a forum selection clause applied to "any case of [*sic*] controversy arising under or in connection with this Agreement." *Id.* at 1672 n.4. The complaint alleged restraint of trade, unfair trade practices, breach of contract, and both

---

[7]The disagreement among the Justices of the California Supreme Court is reflected in the conflicting views of other jurisdictions as to whether the language of a forum selection clause should be read expansively. The Court of Appeals for the First Circuit recently construed a forum selection clause applicable to any action "brought to enforce [the] terms and conditions" of an agreement to apply to claims of misrepresentation and violations of G. L. c. 93A. *Lambert* v. *Kysar,* 983 F.2d 1110, 1112 (1st Cir. 1993). "The better general rule, we think, is that contract-related tort claims involving the same operative facts as a parallel claim for breach of contract should be heard in the forum selected by the contracting parties." *Id.* at 1121-1122. On the other hand, for example, in *Crowson* v. *Sealaska Corp.,* 705 P.2d 905, 910 (Alaska 1985), the court determined that an action to rescind contracts for fraud was not barred by a forum selection clause applying to proceedings to "enforce any term or provision" of a contract, because seeking to rescind a contract, although intrinsically related to the terms of the agreement, was not an action to "enforce" any term of the agreement. The results in these two cases can be reconciled, at least on the facts, because the *Lambert* case does not appear to involve precontract wrongs and the *Crowson* case does.

fraud and negligent misrepresentation leading the plaintiff to enter into the agreement. The court applied the forum selection clause to all claims asserted. *Id.* at 1677. The court said, "The entire gist of the complaint in the present action relates to allegedly false promises made in the course of the negotiations (that culminated in contracts with integration clauses) and the subsequent conduct of the relationship between the parties created by the contracts." *Id.* The alleged wrongdoing that induced the plaintiff in that case to enter into the agreement could fairly be seen as involving a controversy "in connection with [the] agreement." See *Lu* v. *Dryclean-U.S.A. of Cal., Inc.,* 11 Cal. App. 4th 1490, 1494 (1992) (forum selection clause applicable to "[a]ny and all litigation that may arise as a result of this Agreement" applies to fraudulent representations that induced plaintiffs to enter into agreement).

We conclude that California courts would not extend the reasoning of the bare majority in the *Nedlloyd Lines* case to apply the restrictive language of the clause before us to pre-contract wrongs. The forum selection clause by its terms relates only to actions to *enforce* the agreement and not to actions based on unlawful conduct that induced a franchisee to sign the agreement. An action to enforce an agreement no doubt includes not only an action for specific performance but also an action for damages for breach of contract. An action for precontract misrepresentations and for fraud in the inducement, however, does not easily sound like an action to enforce an agreement.

Mailboxes selected the language in its standard form of franchise agreement. That fact does not make the forum selection clause unenforceable (see *Carnival Cruise Lines, Inc.* v. *Shute,* 499 U.S. 585, 593 [1991]; *Cal-State Business Prods. & Servs., Inc.* v. *Ricoh, supra* at 1679), but it does support our conclusion that one need not read its own language expansively in Mailboxes's favor. In contrast, the *Nedlloyd Lines* case involved an agreement between two sophisticated commercial entities, and the noncontract claims in that case appear to have been tort-based alter egos of the contract

claims. See *Nedlloyd Lines B.V.* v. *Superior Court*, 3 Cal. 4th 459, 463 (1992).

We, therefore, conclude that the forum selection clause does not apply to wrongs that Mailboxes allegedly committed before the parties entered into a contractual relationship, including allegations of precontract violations of G. L. c. 93A. What then do we do with claims of breach of contract and their tort-related alter egos to which, standing alone, California would say the forum selection clause does apply? We share the view of the California Supreme Court (see *Nedlloyd Lines B.V.* v. *Superior Court, supra* at 469-470) that separate actions should not be encouraged. The greater focus of the plaintiffs' claims may be on Mailboxes's misleading conduct that induced the agreement and on other precontract conduct that is alleged to be unfair or deceptive.[8] If the plaintiffs show that that is so, the judge should not enforce the forum selection clause by banishing contract enforcement claims to California for separate treatment. If, however, the principal focus of the plaintiffs' claims is on breach of contract, the judge should enforce the clause, if to do so is fair and reasonable, and should decline on the grounds of forum non conveniens to permit any part of the action to be maintained in Massachusetts. A plaintiff should not be allowed to vitiate the effect of a forum selection clause simply by alleging peripheral claims that fall outside its apparent scope.

Factors, beyond the usual ones, that should be considered in deciding whether to enforce the forum selection clause are whether it would be unfair to dismiss this action if (a) Mailboxes will plead statutes of limitations in California as to claims that were not barred here when this action was commenced or (b) California will not entertain these actions. Also, if California will not enforce violations of G. L. c. 93A and if G. L. c. 93A claims appear to have substantiality, any

---

[8]We speak only of claims that appear to be validly presented, ones that are not subject to dismissal on summary judgment.

justification for directing the entire dispute to California is weakened.[9]

It may, of course, be appropriate in a case like this to by-pass the bulk of the issues that we have discussed and to turn to the reasonableness of applying a forum selection clause, thereby assuming its applicability. Both Massachusetts and California consider the same principles in measuring fairness and reasonableness, and it may be that it would be unfair or unreasonable to enforce the forum selection clause in this case.

The judge's ruling that Massachusetts would not enforce the forum selection clause is vacated, and the case is remanded for further consideration in light of this opinion.[10]

*So ordered.*

---

[9]The agreement does not state that the rights of the parties are to be governed by California law but only that the agreement is to be governed and construed by California law. The choice of law clause does not purport to bar the application of G. L. c. 93A to the parties' dealings in Massachusetts. We need not decide whether, if the agreement purported to contract away any claims under G. L. c. 93A, we would decline to enforce the provision on public policy grounds. See *Northeast Data Sys., Inc.* v. *McDonnell Douglas Computer Sys. Co.*, 986 F.2d 607, 609-611 (1st Cir. 1993) (G. L. c. 93A claims based on contract violations are covered by contractual choice-of-law provision stating that rights and obligations of parties to the agreement are governed by the laws of California; G. L. c. 93A allegations of fraud concerning formation of contract said to fall outside contract's choice-of-law provisions).

[10]Mailboxes's motions concerning the record appendix, that in January, 1994, the Appeals Court referred to the hearing panel, are referred in turn to a single justice of this court for the award of such costs and attorney's fees as seem appropriate.