TOOMEY, J.
INTRODUCTION
Plaintiff Mary K. Davis brought this action against Great American Cleaners (“GAC”) and Terry Powell (“Powell”) alleging that they committed unfair and deceptive acts or practices by misrepresenting material information in connection with the offer and sale of an Eagle Cleaners drycleaning franchise. Specifically, the plaintiff has asserted claims against GAC for deceptive trade practices under G.L.c. 93A (Count I); fraud (Count III); breach of contract (Count V); and negligence (Count VI).
This matter is before the court on the defendant GAC’s motion to dismiss on the grounds of improper venue pursuant to Mass.R.Civ.P. 12(b)(3). For the reasons set forth below, the defendant’s motion to dismiss is DENIED.
*729 BACKGROUND
For the purposes of this motion, the following facts will be taken as true.
GAC is a Florida corporation which franchises Eagle Cleaners’ drycleaning stores and sells diycleaning equipment. Powell is a franchise broker/consultant with offices in Waterbury, Connecticut and Marlborough, Massachusetts. Defendant Republic Leasing Company (“Republic”) is based in South Carolina and is in the equipment leasing business including financing to purchasers of GAC’s drycleaning equipment.
In August 1993, the plaintiff responded to a marketing brochure which represented that Powell was an expert at evaluating franchises and business opportunities; Powell would assist people in finding a business suited to their needs. The plaintiff alleges that during her meetings with Powell, he convinced her that the diycleaning business was her best opportunity. After receiving a promotional brochure from GAC, the plaintiff expressed concerns about the high cost of the franchise and the one-sidedness of the franchise agreement, but Powell refused to allow her to contact GAC directly.
On January 5, 1994, the plaintiff signed the Franchise Agreement (the “Agreement”) with GAC. The Agreement contained the following language:
This Agreement shall be construed according to the laws of the State of Florida. The parties agree that any action brought by either party against the other party in connection with any rights or obligations arising out of this Agreement shall be instituted properly in a state court of competent jurisdiction for Broward County, Florida, or the United States District Court for the Southern District of Florida . . .
In April 1994 plaintiff signed a lease for the store premises in West Boylston, Massachusetts and then received training in Florida with respect to the operation of the franchise. The plaintiffs store opened on July 25, 1994.
The plaintiff alleges that she has lost over $150,000.00 since the opening of her store. She claims that the losses were the result of GAC’s material misrepresentations regarding the training she would receive, the site-selection, the working capital necessary to run such a business, and the financing terms to which the lender, required by GAC, subjected her.
STANDARD OF REVIEW
A motion to dismiss based on a forum selection clause should be treated as a motion to dismiss for failure to state a claim pursuant to Mass.R.Civ.P. 12(b)(6) rather than for improper venue pursuant to Mass.R.Civ.P. 12(b)(3). Lambert v. Kysar, 983 F.2d 1110, 1112 n. 1 (1st Cir. 1993) (citing LFC Lessors, Inc. v. Pacific Sewer Maintenance Corp., 739 F.2d 4, 7 (1st Cir. 1984)).
Dismissal of a complaint for failure to state a claim upon which relief can be granted is warranted only if “the plaintiff can prove no set of facts in support of (its) claim which would entitle [it] to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979); Charbonnier v. Amico, 367 Mass. 146, 152 (1975). All inferences should be drawn in the plaintiffs favor, and the complaint “is to be construed so as to do substantial justice . . .” Ourfalian v. Aro Mfg. Co., 31 Mass.App.Ct. 294, 296 (1991).
DISCUSSION
The issue before this court is whether the Florida-favoring forum selection clause in the Agreement is enforceable, thereby requiring that all claims brought in Massachusetts against GAC be dismissed. Massachusetts accepts the modern view that forum selection clauses which are fair and reasonable should be enforced. Jacobson v. Mailboxes Etc. U.S.A., Inc., 419 Mass. 572, 574-75 (1995). Because, however, the present Agreement provides that it “shall be construed according to the laws of the State of Florida,” Massachusetts’s preference for the enforcement of forum selection clauses is not controlling upon the dispute at bar. Thus, this court will look to the law of Florida to determine the effect of the instant forum selection clause. See id. at 575.
Florida follows the modern rule that forum selection clauses are to be enforced unless enforcement would be unreasonable or unjust. Prestige Rent-A-Car, Inc. v. Advantage Car Rental and Sales, Inc., 656 So. 2d 541, 544 (Fla. 1995); Manrique v. Fabbri, 493 So. 2d 437, 439 (Fla. 1986). More specifically, in Manrique v. Fabbri, the Supreme Court of Florida adopted a three-prong test requiring that the following factors be satisfied prior to enforcing a forum selection clause:
that the forum chosen be not the result of unequal bargaining power by one of the parties to the agreement; that the agreement’s enforcement may not contravene strong public policy, either in the forum where suit would be brought, or where suit was excluded; or that the purpose of the forum’s selection is not to transfer an essentially local dispute in order to seriously inconvenience one or more parties to the agreement.
Haws & Garrett v. Panhandle Custom Decorators, 500 So. 2d 204, 205 (Fla. 1st Dist. Ct. App. 1986); Manrique, supra at 438.
Applying the Manrique three-pronged approach to this case, the court finds that the facts alleged in the Complaint suggest that Powell and GAC had much greater bargaining power during the negotiation stage than did the plaintiff. The plaintiff was inexperienced in business and she relied on Powell’s direction. Additionally, Powell told the plaintiff and her attorney that any proposed changes to the Agreement and any other communications with GAC had to be conveyed through him. GAC ultimately rejected many of the changes proposed by the plaintiff.
*730 Furthermore, it appears that enforcement of the forum selection clause would violate the “inconvenience” prong of the test; insistence that the suit be pressed in Florida would create a serious encumbrance upon the plaintiff who resides in Massachusetts and is currently operating the business in Massachusetts. A majority of the plaintiffs witnesses and records are located in Massachusetts and compelling the plaintiff to litigate in Florida would impose upon her a considerable financial burden.[3]
Based upon a review of the facts alleged in the complaint, the court concludes that the forum selection clause is violative of at least two prongs of the applicable Florida test and, thus, should not be enforced.
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendant Great American Cleaners, Inc.’s motion to dismiss is DENIED.

The plaintiff contends that if Florida will not recognize her claims under G.L.c. 93A, the clause would violate the public policy prong of the test, and thus should not be enforced. This court need not address her argument, because the choice of law clause only governs construction of the Agreement and does not limit the parties’ causes of action; the clause does not purport to foreclose the plaintiffs right to bring a claim under G.L.c. 93A. See Jacobson, supra at 579-80 n. 9.