Sosman, J.
Plaintiff AT&T Capital Leasing Services, Inc. (“AT&T”) brought the present action seeking to collect monies allegedly owed on a lease of copying equipment. AT&T seeks to collect from the company that rented the equipment (defendant CJP, Inc.(“CJP”)), from the alleged successor to CJP (defendant Arrowhead Print and Copy), and from a guarantor on the lease (defendant Julius Lieberman). All three defendants have moved to dismiss for lack of personal jurisdiction, as they have no contacts whatsoever with Massachusetts. AT&T contends that the forum selection clause in the equipment rental agreement allows it to sue these defendants in Massachusetts. For the following reasons, defendants’ motion to dismiss is ALLOWED.
Facts
On March 17, 1995, American Business Credit Corporation (“ABCC”) entered into a rental agreement whereby CJP would rent copying equipment from ABCC, with servicing on the equipment to be provided by Danka Phoenix Sharp West, an affiliate of ABCC. The agreement provided for monthly rental payments to ABCC by CJP, and the obligation was personally guaranteed by Julius Lieberman, the President of CJP. The agreement also provided (¶14) that ABCC could sell, assign or transfer its rights under the agreement but that the assignee would not have to perform any of ABCC’s obligations.
The rental agreement was executed in Arizona, and the contract was to be performed in Arizona. CJP was an Arizona corporation that operated a print shop located in Sun City West, Arizona. The equipment being rented was for use in that Sun City West office. Danka Phoenix, the entity supplying and servicing the equipment, was located in Phoenix, Arizona. The guarantor, Julius Lieberman, lived in Arizona.[1]
The rental agreement was on a printed ABCC form. CJP dealt with Danka Phoenix with respect to the transaction, and Danka Phoenix presented the ABCC form to Julius Lieberman for signature. Paragraph 13 of that form contained the following in capital letters:
CHOICE OF LAW: THIS RENTAL AND EACH SCHEDULE SHALL BE GOVERNED BY THE INTERNAL LAWS FOR THE STATE IN WHICH OUR OR OUR ASSIGNEE’S PRINCIPAL CORPORATE OFFICES ARE LOCATED. YOU CONSENT TO THE JURISDICTION OF ANY LOCAL, STATE OR FEDERAL COURT LOCATED WITHIN OUR OR OUR ASSIGNEE’S STATE, AND WAIVE ANY OBJECTION RELATING TO IMPROPER VENUE.
The form defined the term “you” as referring to the identified “Renter,” CJP.
CJP made payments under the agreement for over a year. In the summer of 1996, Lieberman transferred CJP’s printing business to one Glen Porter, who continued the business under the name “Arrowhead Print and Copy.” As part of that transfer, Arrowhead obtained the copying equipment rented from ABCC. Claiming dissatisfaction with the servicing being provided (or not provided) by Danka Phoenix, neither Arrowhead nor CJP made any further payments to ABCC after June 1996.
In late October 1996, ABCC assigned the agreement to AT&T. AT&T is a Massachusetts corporation with its principal place of business in Framingham, Massachusetts. By letter dated October 28, 1996, AT&T notified CJP of the assignment and demanded payment for the four months then in arrears. After being notified of the assignment, Lieberman contacted AT&T and complained about the lack of service from Danka Phoenix. AT&T advised that it was not responsible for servicing the equipment and demanded payment.[2] The equipment was repossessed in December 1996, and the present suit followed to collect the rental amounts still owed.
Discussion
In the present case, plaintiff concedes that none of these defendants has any contacts with Massachusetts and that they would not be subject to jurisdiction of the Massachusetts courts but for paragraph 13 of the rental agreement. Since the rental agreement has now been assigned to a corporation with a principal place of business in Massachusetts, paragraph 13 of the agreement would, if enforced, operate as a consent to be sued in Massachusetts, notwithstanding the defendants’ lack of contacts with Massachusetts.
In Jacobson v. Mailboxes, Etc. U.S.A., Inc., 419 Mass. 572, 574-75 (1995), the Supreme Judicial Court adopted the “modern view that forum selection clauses are to be enforced if it is fair and reasonable to do so.” In reaching that conclusion, the court cited with approval the Restatement (Second) of Conflict of Laws §80, which provides that “parties’ agreement as to the place of the action will be given effect unless it is unfair or unreasonable.”
In Jacobson, and in most other forum selection clause cases cited by plaintiff, the parties had chosen a specific forum in their contract, identified either by name or by relation to the place where the contract would be performed. In some cases, such a clause is invoked to prevent a suit from going forward in a forum that would, absent the clause, have both personal and subject matter jurisdiction. See, e.g, Graham Technology Solutions, Inc. v. Thinking Pictures, Inc., 949 F.Sup. *510 1427 (N.D. Cal. 1997) (transferring case from California to New York where parties’ contract had specified New York as the sole forum for suit); Simplex Time Recorder Co. v. Federal Insurance Co., 37 Mass.App.Ct. 947 (1994) (dismissing suit brought in Massachusetts seeking payment for goods delivered to project in Hawaii when bond required all actions to be brought “in the location in which the work or part of the work is located”). Where parties to a contract have voluntarily relinquished their right to bring suit in another potentially available forum, there is nothing unfair or unreasonable in enforcing that restriction.
In other cases, as in the present case, the forum selection clause is used to try and assert jurisdiction over a party that would otherwise not be subject to the personal jurisdiction of that court. In essence, byway of such a clause, a defendant can waive an otherwise valid defense of lack of personal jurisdiction. Where a particular forum has been identified in the contract, there would rarely be anything unfair or unreasonable about holding a party to his voluntary waiver of the defense of lack of personal jurisdiction in that identified forum.
Unlike most forum selection clauses, the clause at issue in the present case did not identify any particular court or state in which CJP was agreeing to be sued. The contract did not actually “select” a particular forum in advance. Rather, it left the identity of the forum (and even the choice of law) up to the shifting vagaries of assignment. What CJP ostensibly agreed to was to be sued anywhere that ABCC happened to assign the agreement. CJP had also given ABCC unfettered discretion to assign the contract, thus leaving it entirely up to ABCC what assignee would own the contract and what state would have jurisdiction in future. Moreover, as the contract could be reassigned indefinitely, both the governing law and the selected forum could change again and again.
Under Jacobson, a forum selection clause is to be enforced as long as it is “fair and reasonable to do so.” 419 Mass. at 474-75. Enforcement of the clause in this particular case would not be “fair and reasonable." The court is disturbed by the far-reaching nature of a clause that forces one side to waive jurisdictional defenses as to a forum that has not even been identified. The defendant here is not a large company doing business in many locations, where such a clause might be eminently reasonable.[3] CJP is a small business, and it only does business locally in Arizona. Requiring it to defend itself in any court in the nation, depending on where ABCC happens to assign the contract, is not fair or reasonable.
This particular term of the rental agreement was not one that CJP did or could negotiate. It was part of a preprinted form agreement, not a term negotiated freely by the parties. Although not automatically dis-positive of the issue, it is relevant to the court’s consideration that the forum selection clause “was contained in an adhesion or take-it-or-leave-it contract whose provisions the party bringing the action was compelled to accept without argument or discussion.” Restatement (Second) of Conflict of Laws §80, comment c.[4] See also Ernest & Norman Hart Brothers, Inc. v Town Contractors, Inc., 18 Mass.App.Ct. 60, 66 (1984) (declining to enforce clause specifying Connecticut as the forum for suit where, inter alia, the forum selection clause “was part of a standard set of general conditions imposed by the larger contractor upon its presumably smaller subcontractors by ‘boiler plate’ terms, thus carrying overtones of an adhesion contract between parties of disparate bargaining power”).
When a forum selection clause makes the identify of the forum depend on future events outside the control of the defendant(s), the determination of whether it is “fair and reasonable” to enforce the clause depends in part on whether those later events have resulted in the selection of a reasonably nearby and convenient forum as opposed to a far distant, inconvenient and unforeseen forum.[5] This is not a case where ABCC assigned the contract to an assignee in some jurisdiction close to Arizona. If ABCC’s assignee had been in a state neighboring on or nearby to Arizona, there would not be any great hardship or unfairness involved in enforcing the clause even if that neighboring state did not technically have jurisdiction over CJP.[6]
Application of this forum selection clause in favor of a Massachusetts assignee would be extremely inconvenient. If the clause were enforced in the present case, CJP would be forced to defend itself in a court that is at a great distance from Arizona and in a state with which it has absolutely no contacts. All of the witnesses are in Arizona, requiring either that they travel to Massachusetts or that Massachusetts counsel travel to Arizona for depositions.[7] To the extent that plaintiff incurs additional costs in pursuing this matter in the Arizona courts, the contract also provides (¶15) that defendants must pay plaintiff “reasonable attorney fees and collection expenses.” There is thus no hardship whatsoever in requiring plaintiff to pursue this matter in Arizona, but considerable hardship and needless expense in requiring defendants to defend this action in Massachusetts.
Moreover, added inconvenience would flow from the fact that defendant Lieberman is not a party to the forum selection clause and cannot be sued here in Massachusetts. Paragraph 13 provides only that “you” agree to the jurisdiction of various courts, and the contract, as prepared by ABCC on its own preprinted form, defines “you” as the renter, CJP. The waiver, even if valid as to CJP, would not extend to defendant Lieberman as the individual guarantor. Nowhere did Lieberman, who is not a resident of Massachusetts and has no contact with Massachusetts, agree to be sued in some unidentified state that did not have jurisdiction over him.[8] There would have to be two *511 separate suits if CJP were sued here and Lieberman sued out in Arizona. Although not dispositive by itself, the fact that enforcement of the forum selection clause would result in duplication of efforts in two different courts, whereas application of ordinary principles of personal jurisdiction would result in one single case, adds to the court’s determination that enforcement of this particular clause would not be “reasonable.”[9]
In summary, it is not fair and reasonable to subject a local Arizona print shop to suit anywhere that the equipment lessor happens to assign the contract when the contract was executed and to be performed exclusively in Arizona. Where application of such an open-ended forum selection clause, contained in a take-it-or-leave-it preprinted form contract, would force that Arizona company to appear in a far-distant forum with which neither it nor any of the witnesses has any connection, and would force the parties to incur the costs of two suits on the same contract, it is unfair and unreasonable to enforce it.
ORDER
For the foregoing reasons, defendants’ motion to dismiss is ALLOWED and it is hereby ORDERED that all claims against all defendants be DISMISSED WITHOUT PREJUDICE.

 The complaint does not indicate the principal place of business of ABCC, other than by way of an attached form Lease Amendment that lists an address in St. Petersburg, Florida. There is nothing to indicate that ABCC had any contact with Massachusetts.

 Although the agreement was to include servicing from the supplier (Danka Phoenix), paragraph 6 of the rental agreement, entitled “NO WARRANTIES,” included the following disclaimer with respect to service obligations in the event of assignment:
You acknowledge that anyone to whom we assign this Agreement shall not be responsible for the service, repairs or maintenance of the Equipment, that such assignee is not a party to any service or maintenance agreement, and even if you have a dispute regarding the Equipment, you will continue to pay such assignee all rental and maintenance payments due under this Agreement and all Schedules to this Agreement.
Paragraph 14 of the agreement, which gave ABCC the right to assign its interests, also provided that “the rights of the new owner will not be subject to any claims, defenses or setoffs that you may have against us.”

 For such a corporation, there would be personal jurisdiction in many different places in any event, and the open-ended forum selection clause would not dramatically expand the number of different courts where the company could be sued. For example, a clause in a reinsurance treaty whereby an insurance company agreed to submit to the jurisdiction of any court in the United States was upheld when the original underwriter in Missouri brought suit to enforce the treaty in the federal court for the Eastern District of Missouri. Old Reliable Fire Insurance Co. v. Castle Reinsurance Co., 665 F.2d 239, 241 n.2 (8th Cir. 1981).

 This Restatement comment was quoted and cited with approval in Jacobson. 419 Mass. at 575 n.5.

 By comparison, when a forum has been identified at the time the defendant enters into the contract, mere inconvenience would not be a basis for refusing to enforce the forum selection clause. Under those circumstances, the party has had the opportunity to consider the inconvenience involved in the chosen forum and has accepted that risk of inconvenience knowingly. See M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 16-17 (1971). Here, CJP had no way of predicting whether the contract would be assigned or where it would be assigned. It had no ability to assess in advance and specifically accept the inconvenience of being sued in Massachusetts.

 For example, in A.I. Credit Corp. v. Djiounas, 1992 WL 131783 (S.D.N.Y. June 2, 1992), the court enforced a forum selection clause in a promissory note where the maker agreed to be sued in “the state in which the transferee of tb& Negotiable Investor Note is domiciled or otherwise has its principal place of business." The makers were residents of Connecticut. The transferee that brought suit was in New York. Although technically not subject to personal jurisdiction of New York courts, there was obviously no hardship in requiring a resident of Connecticut to defend himself in the Southern District of New York. Plaintiff AT&T argues that the forum selection clause in A.I. Credit is very similar to the clause at issue in the present case and that, as in A.I. Credit, this clause should be enforced. However, the court in A.I. Credit was not confronted with the prospect of forcing a defendant to defend himself in a remote and inconvenient forum.

 Plaintiff argues that there will be no need for witnesses from Arizona on the issue of CJP’s liability on the contract and Lieberman’s liability on the guarantee. The provisions of paragraphs 6 and 14, which substantially curtail defendants’ potential defenses on the underlying contract claim, do seem to obviate the need for testimony on the subject of Danka Phoenix’s alleged failure to provide servicing. However, the question of Arrowhead’s liability, either as successor to CJP or as the recipient of a fraudulent conveyance, would involve a more complex factual inquiry, and all witnesses on that issue are from Arizona.

 Defendant Arrowhead Print and Copy did not sign the rental agreement and is also not within the definition of “you.” Plaintiff argues that Arrowhead should be bound to the forum selection clause as the “successor” to CJP. Because of the court’s decision not to enforce the clause as to CJP, it is unnecessary to address whether Arrowhead’s status as alleged “successor” to CJP would make it a party to the waiver contained in paragraph 13.

 Plaintiff cites Graham Technology Solutions, Inc. v. Thinking Pictures Inc., 949 F.Sup. 1427, 1434 (N.D. Cal. 1997), for the proposition that all parties involved in any later suit are subject to a forum selection clause, even if they are not parties to the actual contract that contained the clause. Graham involved a plaintiff, affiliated with the person who had signed the contract, who was attempting to bring suit in a jurisdiction other than the jurisdiction specified in the contract. The cases relied on in Graham also involved a plaintiff attempting to bring the action in some forum other than the one selected in the contract. Preventing plaintiffs from evading a forum selection clause is different from asserting jurisdiction over a defendant that has no contacts with the forum. The defense of lack of personal jurisdiction is not waived merely by being in some way connected to a party that waived that defense for itself. The burden of establishing this court’s jurisdiction over Lieberman rests with plaintiff. Where Lieberman has no contacts whatsoever with Massachusetts, it is incumbent on plaintiff to show that Lieberman effectively waived the-defense of lack of personal jurisdiction. The form agreement, drafted by ABCC. did not include any such waiver on the part of the guarantor. Nothing in the broad language employed in the Graham decision should be read to impose such an involuntary waiver on Lieberman.