Connolly, J.
DISCUSSION
This is a civil action brought for past due legal fees by the plaintiff law firm, Peabody & Arnold, LLP (“P&A”), against two corporations, Luxury Media Corporation (“LMC”), a Massachusetts corporation, and CurtCo Robb Media, LLC (“CurtCo”), a Delaware limited liability company with its principal place of business in Malibu, California. Both defendants entered into an “Investment Agreement” and a “Contribution Agreement” in June 2001. The plaintiff provided legal services to LMC. LMC negotiated all of its assets to CurtCo and as part of the transaction, CurtCo allegedly agreed to pay the legal fees of P&A.
Now the defendant, LMC, has filed a crossclaim against CurtCo seeking indemnification and/or Chapter 93A damages from CurtCo for breach of the above said agreements. CurtCo has raised, by means of a Motion to Dismiss the Crossclaim, the claim of “exclusive jurisdiction” in courts of the State of California or any federal court sitting in the State of California as to any claims between LMC and CurtCo. Each of the above agreements contained the following Section 7.7:
Consent to Jurisdiction. Any suite (sic) for the enforcement of this Agreement may be brought in the courts of the State of California or any federal court sitting in the State of California and each party hereto consent to the exclusive jurisdiction of each such court and to service of process in any such suit being made by mail at the address specified above. Each party hereto hereby waives any objection that it may now or hereafter have to the venue of any such suit or any such court or that such suit was brought in any inconvenient court.
The defendant, CurtCo, who is a co-defendant with LMC, wishes to raise this Section 7.7 as it applies to the crossclaim of LMC only. There clearly is jurisdiction in Massachusetts over CurtCo, as it has never been raised by CurtCo in a Motion to Dismiss or as an affirmative defense. In its Motion, CurtCo is asking the Court to dismiss the crossclaim of LMC and leave the case pending as to CurtCo and LMC. LMC would then be forced to bring its indemnity action in the state court in California or a federal district court located in California.
In effect, under CurtCo’s request, the plaintiff would have this case in Massachusetts pending against CurtCo and LMC, and would require LMC to bring a separate action in California for indemnification. Such an approach is devoid of any practical or common sense. It would require two civil actions in two states on opposite sides of the United States, where one action would suffice to determine all the issues.
It is not clear from Section 7.7 that it requires all civil actions to be brought in California. It states that “[a]ny suite (sic) for the enforcement of this Agreement may be brought in the courts of the State of California or any federal court sitting in the State of California . . .” (emphasis added). That language is clearly not mandatory. The word used is may, and that means permissive and not exclusive. The Section further states that “each party hereto consent to the exclusive jurisdiction of each such court. . .” Therefore, Section 7.7 makes the filing of a lawsuit permissive in California, and then goes on to state that once suit is filed, “each party hereto consent to the exclusive jurisdiction of each such court...”
Section 7.7, at best for CurtCo is ambiguous. It really does not make any sense at all the way it is written. Thus, the Court will not take Section 7.7 into consideration in deciding this Motion. However, assuming arguendo, that Section 7.7 provided that California was the sole venue to bring a lawsuit on controversy between the two agreements, CurtCo would still not prevail on its Motion to Dismiss.
In Jacobson v. Mailboxes, etc. U.S.A., Inc., 419 Mass. 572 (1995), the Supreme Judicial Court discussed in detail a mandatory forum selection clause in a contract, which was to be governed by California law. There, the Court discussed what should be done with a claim that is subject to the forum selection clause. Therein, at Jacobson, supra at 579-80, the Court adopted the California Supreme Court’s view [Nedlloyd Lines BV v. Superior Court, 3 Cal.4th 459, 469-70 (1992)] "that separate actions should not be encouraged.” The Court, inter alia gave as a general rule that a court may determine whether, in the particular circumstances of a case, the enforcement of a mandatory forum selection clause is fair and reasonable. In this case, to require a co-defendant in a Massachusetts case to go to California to bring an indemnity claim against a defendant who is a co-defendant in the Massachusetts case would be more *446 than unreasonable or unfair. It would require two separate actions and two separate sets of attorneys for the parties in a simple, straightforward case. This would be ludicrous.
ORDER
After hearing, Motion of the defendant, CurtCo Robb Media, LLC to Dismiss the Crossclaim of Luxury Media Corporation is DENIED.