Not for Publication in West's Federal Reporter

# United States Court of Appeals
## For the First Circuit

No. 09-1934

VERTEX SURGICAL, INC.,

Plaintiff, Appellant,

v.

PARADIGM BIODEVICES, INC.,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Douglas P. Woodlock, <u>U.S. District Judge</u>]

Before

Boudin, <u>Circuit Judge</u>,
Souter, <u>Associate Justice</u>,[*]
and Howard, <u>Circuit Judge</u>.

<u>Barbara H. Kramer</u>, with whom <u>Mitchell A. Kramer</u> and <u>Kramer & Kramer, LLP</u> were on brief, for appellant.
<u>Thomas E. Kenney</u>, with whom <u>Robert R. Pierce</u> and <u>Pierce & Mandell, P.C.</u> were on brief, for appellee.

August 4, 2010

---

[*]     The Hon. David H. Souter, Associate Justice (Ret.) of the Supreme Court of the United States, sitting by designation.

**SOUTER, Associate Justice**.    The appellee Paradigm Biodevices, Inc. does business in Massachusetts producing and distributing medical equipment.  It contracted with a Georgia corporation, the plaintiff-appellant Vertex Surgical, Inc., to act as a sales representative in Georgia and portions of nearby states. The written contract had both a choice of law clause (Massachusetts) and a forum selection provision (Massachusetts federal court).  When Paradigm terminated the agreement, Vertex charged it with breach and sued in the district court for Massachusetts, claiming among other things that Paradigm had violated the Georgia Wholesale Distribution Act, Ga. Code Ann. §§ 10-1-700 et seq., which requires payment of sales commissions within 30 days after termination of a contract like the one in question, and provides penalties for failure.  The Act further declares that its provisions "may not be waived," and directs that "the courts of this state shall not recognize any purported waiver."  Ga. Code Ann. § 10-1-703.

Vertex moved for summary judgment on the Georgia statutory claim, which the district court understood to depend on whether the Georgia law "can affect the rights of the parties, given the Agreement's choice of Massachusetts law to govern the terms of the Agreement."  The court concluded that it could not: the statute "ultimately attempts to provide further regulation of the terms set out in the Agreement" and "[s]uch regulation by

-2-

Georgia law is barred by the Agreement's choice to have 'Massachusetts law exclusively . . . govern all terms of this Agreement.'"  Notwithstanding the Georgia statute's non-waiver provision, the district court concluded that applicable Massachusetts choice of law rules did allow for an effective waiver by a clause choosing the law of a state other than Georgia, and it granted summary judgement on the point <u>sua sponte</u> to Paradigm.  On this <u>de novo</u> review, <u>Rosario</u> v. <u>Dept. of Army</u>, 607 F.3d 241, 246 (1st Cir. 2010), we think the omission of a preliminary step in the analysis undermines the district court's reasoning, and we thus vacate and remand.

The court's analysis rests on the premise that Vertex waived the benefit of the Georgia statute by agreeing to the contract's choice of law provision.  It relied primarily on a case in which we construed a choice of law clause covering an "[a]greement and the rights and obligations of the parties [t]hereto," <u>Northeast Data Sys., Inc.</u> v. <u>McDonnell Douglas Computer Sys. Co.</u>, 986 F.2d 607, 609 (1st Cir. 1993), thus assuming that the provision used here extends to any issue that may arise in litigation following a claimed breach.  The parties' choice of law clause, however, fell short of such plenary scope.[1]

---

[1] There is no question that it was proper for the district court to determine the meaning of the contractual terms; absent a question of extrinsic fact requiring trial (there being none raised here), Massachusetts law treats contract construction as an issue for the court.  <u>Teragram Corp.</u> v. <u>Marketwatch.com, Inc.</u>, 444 F.3d

Both the choice of law and forum selection provisions occurred in §25.1 of the written agreement. As for choice of law, the parties agreed that "Massachusetts law exclusively shall govern all terms of this Agreement, including this paragraph." "Agreement" is not a defined term, but its meaning is indicated by the contract's title, "Independent Agent Agreement," and an integration clause stating that "[t]his Agreement contains the entire agreement . . . between the parties." We therefore conclude that "Agreement" capitalized refers to what the parties signed, with the consequence that "terms" refers to words used in the document, and that law "govern[ing]" them speaks to the source of rules used to determine their meaning. Matters apart from construing "terms" are ostensibly left alone, including any choice of law issue about the applicability of post-breach statutory obligations imposed by a state other than Massachusetts having an interest in the contractual relationship of principal and sales agent.

This reading is confirmed by contrasting the scope of the choice of law clause ("all terms of this Agreement") with that of the immediately preceding forum selection clause: "all disputes in any way relating to, arising under, connected with, or incident to

1, 9 (1st Cir. 2006).

-4-

this Agreement."[2]  Obviously, the phrase "relating to, arising under, connected with, or incident to this Agreement" covers a lot more ground than "terms of this Agreement," and the textual contrast within the one contract paragraph makes a rather forceful case for reading "terms" as "written terms" and leaving the law governing other issues (like statutory post-termination obligations) untouched by the contracting parties.  This reading is also consistent with Jacobson v. Mailboxes Etc. U.S.A., Inc., 419 Mass. 572, 580 n.9, 646 N.E.2d 741, 746 n.9 (1995), in which the Supreme Judicial Court of Massachusetts explained that a choice of law provision stating "only that the agreement is to be governed and construed by California law . . . does not purport to bar the application of [Massachusetts statutory law] to the parties' dealings."[3]

---

[2] The forum selection clause requires that all such disputes be brought in federal district court in Boston if possible, or in the Commonwealth's courts if federal subject matter jurisdiction is wanting.

[3] Our own decision in Northeast Data Systems is distinguishable for two reasons. First, as in Jacobson, the narrow choice of law provision in the parties' contract here "does not state that the rights of the parties are to be governed by [Massachusetts] law," 419 Mass. at 580 n.9, 646 N.E.2d at 746 n.9; see also Valley Juice Ltd., Inc. v. Evian Waters of France, Inc., 87 F.3d 604, 612 (2d Cir. 1996).  And second, Northeast Data Systems "was concerned only with a chapter 93A claim under Massachusetts law, which (critically) contains no anti-waiver provision." New England Surfaces v. E.I. Du Pont de Nemours & Co., 546 F.3d 1, 9 (1st Cir. 2008).

The choice of law provision here does not bar application of the Georgia statute and therefore does not constitute a contractual waiver by Vertex of its provision. This leaves open the question whether a Massachusetts court would, in the absence of a contractual waiver, recognize and enforce the Georgia statute, a question involving Massachusetts choice of law principles and the related questions of how it might construe and what effect it might give to the Georgia statute's anti-waiver provisions. Although technically we do not defer to a district court on the meaning of the law of the state in which it sits, we nevertheless think it would be helpful for the district court to consider this set of issues in the first instance, possibly aided by more complete briefing in light of our resolution of the main issue decided by the district court. To allow for that consideration, we **vacate** the order of summary judgment for Paradigm on the Georgia statutory claim and **remand** the case to the district court. Costs are taxed in favor of Vertex Surgical, Inc.

**So ordered.**