This is an appeal from the denial of a motion for relief from judgment, brought pursuant to Mass. R. Civ. P. 60 (b), 365 Mass. 828 (1974). Defendant Venta Airwasher, Inc. (Venta), and its president, defendant Barbara Straubenger, argue that the judge abused his discretion in denying their motion because the choice of law and forum selection provision in the parties' contract specifies that Illinois law governs the contract and that all disputes under the contract be resolved in the State courts of Illinois. The defendants also claim that even if Massachusetts law applies, the judge abused his discretion in denying their motion pursuant to Mass. R. Civ. P. 60 (b) (1), 365 Mass. 828 (1974). See Berube v. McKesson Wine & Spirits Co., 7 Mass. App. Ct. 426, 429-431 (1979). Straubenger also challenges the entry of default judgment against her, individually. We affirm.
Background. On July 22, 2015, DMI Sales, Inc. (DMI), entered into a one-year contract with Venta to act as "network manager" for Venta's air purifier products. One year later, in July of 2016, DMI filed suit against Venta and Straubenger alleging that Venta "committed unfair and deceptive business practices in the Commonwealth of Massachusetts" and "breach[ed] its contractual obligations for purposes of avoiding financial duties and usurping DMI's business acumen." DMI sought multiple damages, costs, and fees pursuant to G. L. c. 93A, § 11.
From there a tangled web of procedural defaults ensued, which we will describe only briefly here. The complaint was served on August 9, 2016.[3] The defendants did not file an answer, and DMI moved for default on September 19, 2016. Default entered pursuant to Mass. R. Civ. P. 55 (a), 365 Mass. 822 (1974), and a judge ordered DMI to file a motion for assessment of damages in accordance with Mass. R. Civ. P. 55 (b) (2), as amended, 463 Mass. 1401 (2012), by October 20, 2016. DMI filed the motion. In December, four months after service of the complaint had been made, the defendants retained Illinois counsel (who was not admitted to practice in Massachusetts), who served a motion to dismiss for lack of personal jurisdiction on DMI's attorney. However, defendants' counsel never filed it with the court.
At the January, 2017, hearing on damages, Massachusetts counsel for the defendants appeared and requested a continuance. His request was accommodated, and he was instructed to serve and file a motion to vacate the default in advance of the hearing on the assessment of damages, now scheduled for February, 2017. The defendants duly served a motion to vacate the default, which was opposed, but Massachusetts counsel did not file the motion with the court, or appear at the February hearing.
Judgment ultimately entered, and DMI registered the judgment in Illinois. The defendants resisted the registration of the judgment, but their motion to dismiss was denied in Illinois in December of 2017.
After the Illinois court registered the judgment, the defendants' new Massachusetts counsel provided notice to the court that he had served a copy of a motion for relief from judgment on DMI. One month after the judgment was registered in Illinois and eight months after judgment had entered in Massachusetts, the defendants filed a motion for relief from judgment. The motion for relief from judgment was the first motion the defendants properly filed in the Massachusetts case. The motion was denied and this appeal ensued.
Discussion. Choice of law and forum selection provision. Massachusetts is the State in which the action was filed, and in the ordinary course the procedural rules of the forum would control. See New England Tel. & Tel. Co. v. Gourdeau Constr. Co., 419 Mass. 658, 659-660 (1995). The choice of law provision favoring Illinois law does not command a different result. Although Illinois courts, like ours, will enforce forum selection and choice of law provisions, under Illinois law, "with regard to procedural matters, the law of the forum controls." Emigrant Mtge. Co. v. Chicago Fin. Servs., Inc., 386 Ill. App. 3d 21, 26 (2007), citing Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc., 199 Ill. 2d 325, 351 (2002).[4] Consequently, the Massachusetts Rules of Civil Procedure govern the case, and under those rules, denial of the rule 60 (b) motion was proper.
"A motion pursuant to Mass. R. Civ. P. 12 (b) (6), 365 Mass. 755 (1974), is the correct vehicle to employ when the ground for dismissal is alleged to be that the court lacks [']jurisdiction['[5] ] as a result of an enforceable forum selection clause." Boland v. George S. May Int'l Co., 81 Mass. App. Ct. 817, 818 n.2 (2012).[6] However, in Massachusetts, "almost every defense listed in Mass. R. Civ. P. 12 (b)... is waived unless raised by answer or motion and therefore may not first be raised after entry of a default." Jones v. Boykan, 464 Mass. 285, 295 (2013). Under the Massachusetts Rules of Civil Procedure, then, the defendants waived their argument that Massachusetts is an improper forum by failing to respond to DMI's complaint. See Weiler v. PortfolioScope, Inc., 469 Mass. 75, 94 (2014) (" rule 12 [b] [6] motion ... may be waived"). See, e.g., Celco, Inc. v. Computer Sys. Eng'g, Inc., 392 Mass. 1001, 1001 (1984) (holding that defendant's attempt to enforce forum selection clause "not presented in the defendant's answer or in any pretrial motion, was raised too late").
Rule 60 (b) (1). The defendants contend that their previous attorneys' repeated failures to file motions in compliance with Superior Court Rule 9A were the result of "mistake, inadvertence, ... or excusable neglect," warranting relief from judgment. Mass. R. Civ. P. 60 (b) (1). "Excusable neglect requires circumstances that are unique or extraordinary[, not] any kind of garden-variety oversight." Johnny's Oil Co. v. Eldayha, 82 Mass. App. Ct. 705, 708-709 (2012), quoting Feltch v. General Rental Co., 383 Mass. 603, 613-614 (1981). Consequently, a party seeking relief under rule 60 (b) (1)"bears the considerable burden of showing that the mistake was indeed excusable, and not due simply to its own carelessness." Gath v. M/A-Com, Inc., 440 Mass. 482, 497 (2003).
The defendants have not met this burden. They point to the fact that their first motion to dismiss DMI's complaint was written by Carlos Quichiz, an Illinois attorney who "is not barred in Massachusetts and is not versed in the Massachusetts Superior Court Rules," and who therefore failed to file the defendants' motion to dismiss with the court. However, the unauthorized practice of law by an out-of-State lawyer would not constitute excusable neglect. Even if Quichiz had associated Massachusetts counsel, "ignorance of the rules of civil procedure [is] not ... 'excusable neglect.' " Reporters' Notes to Rule 60 (b) (1), Mass. Ann. Laws Court Rules, Rules of Civil Procedure, at 1255 (LexisNexis 2018), quoting Ohliger v. U.S., 308 F.2d 667 (2d Cir. 1962).
The defendants' reliance on the other factors enumerated in Berube, 7 Mass. App. Ct. 426, is also misplaced.[7] Here, the defendants did not act promptly. There was no showing that their defenses had merit. The circumstances, including the defendants' failure to promptly retain qualified counsel, and the failure of counsel to comply with court rules and orders, gave rise to a permissible inference by the judge that the neglect was part of a chosen course of conduct by the defendants (though not their current counsel). Lastly, no action was taken until after the Illinois courts registered the judgment. The judge did not abuse his discretion.
Individual liability. Straubenger also challenges the entry of judgment against her, individually, for a violation of G. L. c. 93A. She claims that she cannot be held personally liable because the complaint alleges insufficient facts to pierce the corporate veil.
"When ... a defendant is defaulted, well-pleaded facts are deemed to be admitted, but a plaintiff may recover only to the extent the complaint states a claim for relief." Jones, 464 Mass. at 295, quoting Nancy P. v. D'Amato, 401 Mass. 516, 519 (1988). The complaint alleged statutory, not common law, theories of liability. A corporate officer may be held personally liable under c. 93A for misrepresentations made in violation of § 11. See Christian Book Distribs., Inc. v. Wallace, 53 Mass. App. Ct. 905, 906 (2001) ; Community Bldrs., Inc. v. Indian Motorcycle Assocs., 44 Mass. App. Ct. 537, 560 (1998) ; Standard Register Co. v. Bolton-Emerson, Inc., 38 Mass. App. Ct. 545, 550-551 (1995). The defendants make no sustained appellate argument that the complaint failed to state a claim under c. 93A. To the extent Straubenger seeks to raise an affirmative defense, i.e., c. 93A is inapplicable due to the contract's choice of law provisions, this contention is waived for failure to raise it in a rule 12 (b) motion. Jones, supra.
Order denying motion for relief from judgment affirmed.

DMI sent its complaint by certified mail to Venta's place of business. See Mass. R. Civ. P. 4 (e) (3), 365 Mass. 733 (1974) (permitting service "by any form of mail addressed to the person to be served and requiring a signed receipt"). See, e.g., Polaroid Corp. v. Feely, 889 F. Supp. 21, 23 n.1 (D. Mass. 1995) (applying Mass. R. Civ. P. 4 [e] ).

Both Massachusetts and Illinois will enforce contractual forum selection clauses and choice of law provisions in the absence of substantial public policy reasons not to do so. See Oxford Global Resources, LLC v. Hernandez, 480 Mass. 462, 468 (2018) ; Jacobson v. Mailboxes Etc. U.S.A., Inc., 419 Mass. 572, 575 (1995) ; Dace Int'l Inc. v. Apple Computer, Inc., 275 Ill. App. 3d 234, 239 (1995). Forum selection clauses "should be enforced unless the opposing party shows that enforcement would be unreasonable under the circumstances." IFC Credit Corp. v. Rieker Shoe Corp., 378 Ill. App. 3d 77, 86 (2007). Accord Baby Furniture Warehouse Store, Inc. v. Meubles D&F Ltee, 75 Mass. App. Ct. 27, 32 (2009), citing Jacobson, supra at 574-575. However, we do not decide whether either the choice of law or forum selection clauses were enforceable, because those issues are not material to the outcome of the case.

The term "jurisdiction" in a forum selection clause does not involve jurisdiction in the traditional sense. See Jacobson v. Mailboxes, Etc. U.S.A., Inc., 419 Mass. 572, 576 n.6 (1995).

The defendants' brief styles their argument as a motion to dismiss for improper venue pursuant to Mass. R. Civ. P. 12 (b) (3), 365 Mass. 754 (1974), rather than a rule 12 (b) (6) motion to dismiss for failure to state a claim. The nomenclature has no effect on our analysis.

The factors are "(1) whether the offending party has acted promptly after entry of judgment to assert his claim for relief therefrom; (2) whether there is a showing either by way of affidavit, or otherwise apparent on the record, that the claim sought to be revived has merit; (3) whether the neglectful conduct occurs before trial, as opposed to during, or after the trial; (4) whether the neglect was the product of a consciously chosen course of conduct on the part of counsel; (5) whether prejudice has resulted to the other party; and (6) whether the error is chargeable to the party's legal representative, rather than to the party himself." Berube, 7 Mass. App. Ct. at 430-431.