Toomey, J.
Plaintiffs Sandra and Edward Kwasniewski (“Kwasniewskis”) have brought suit claiming breach of contract, negligence and violations of G.L.c. 93A (the Massachusetts Consumer Protection Statute) in connection with their purchase of an allegedly defective motor home. This case now is before the court on defendants’ motions to dismiss plaintiffs’ complaint.
Defendants Gulf Stream Coach, Inc. (“Gulf Stream”), Spartan Motors, Inc. (“Spartan”) and Marjam Enterprises, Inc. dba Flagg RV (“Marjam") argue that all of the counts in plaintiffs’ complaint are barred by the applicable statutes of limitations and by a forum selection clause that requires all actions to be brought in the state of Indiana. Defendants argue further that plaintiffs’ G.L.c. 93A claim is barred by choice of law principles. In addition, defendant Spartan contends that plaintiffs have failed to demonstrate the existence of any contractual agreement with Spartan.
Plaintiffs oppose all of defendants’ motions, maintaining that defendants are estopped from raising the statute of limitations, that the case is properly brought in Massachusetts because the forum selection clause is not binding upon the plaintiffs, that the choice of law issues cannot be resolved on the complaint, and that the express warranty from Spartan was a sufficient agreement upon which to found their contract claim.
For the following reasons, plaintiffs have the better of the dismissal dispute and defendants’ motions to dismiss will be DENIED.
BACKGROUND
In August 1993, the Kwasniewskis purchased a 1994Tourmaster Motor Home (“Vehicle”) from Marjam for approximately $146,000.00. The vehicle was manufactured by Gulf Stream; the chassis had been manufactured and supplied to Gulf Stream by Spartan.
The Kwasniewskis took possession of the vehicle in October 1993 and immediately began experiencing mechanical difficulties, including malfunctioning windshield wipers, steering difficulties, and transmission and alternator problems. In December 1994, after Marjam had made several unsuccessful attempts to repair the defects, Gulf Stream requested that the Kwasniewskis drive the vehicle to Gulf Stream’s Indiana plant for repair. The Kwasniewskis made the trip at their own expense. Despite Gulf Stream’s repair attempt, the Kwasniewskis continued to have many of the same problems with the vehicle.
In January 1996, the Kwasniewskis again brought the van to Indiana for repairs. When that effort also failed to correct the problems, the Kwasniewskis requested that Gulf Stream replace the vehicle or refund tiie purchase price. Gulf Stream declined, but expressed its desire to continue to try to repair the vehicle.
In November 1996, the Kwasniewskis filed a complaint with the New Hampshire Attorney General against the three defendants at bar. In February 1997, the vehicle broke down when the Kwasniewskis were driving it to Florida. Spartan shipped a new alternator to Florida. In March 1997, after the Kwasniewskis notified Gulf Stream that problems with the vehicle had recurred on the Florida trip, Gulf Stream offered to pick up the van at the Kwasniewskis’ home in New Hampshire and drive it to Indiana for 39 itemized repairs.
In October 1997, the New Hampshire Attorney General wrote to Gulf Stream suggesting that it pur *50 chase the vehicle from the Kwasniewskis, with allowances for use and mileage. Gulf Stream refused and continued to express its desire to attempt to repair the vehicle. In January 1998, after the Kwasniewskis filed a complaint with the Massachusetts Attorney General, Gulf Stream again offered to drive the vehicle to Indiana for repairs.
In March 1998, the Kwasniewskis retained an attorney, who wrote a G.L.c. 93A letter demanding that defendants replace the vehicle or make a reasonable offer of settlement within 30 days. The defendants did not reply to the demand and the Kwasniewskis filed this action against Spartan, Maijam and Gulf Stream.
DISCUSSION
Pursuant to Mass.R.Civ.P. 12(b)(6), a court must dismiss a complaint for failure to state a claim where “it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977). The court must accept as true the well-pleaded factual allegations of the complaint, as well as any inferences that can be drawn therefrom in the plaintiffs favor. Eyal v. The Helen Broadcasting Company, 411 Mass. 426, 429 (1991). See also Brum v. Town of Dartmouth, 44 Mass.App.Ct. 318, 321 (1998), aff'd on other grounds, 428 Mass. 684 (1999). Thus, a court will permit a plaintiff to prevail over a motion to dismiss “unless it appears with certainty that he is entitled to no relief under any combination of facts that could be proved in support of his claim." Brum v. Town of Dartmouth, 44 Mass.App.Ct. 318, 322 (1998) (emphasis in the original). At bar, defendants have failed to demonstrate that it will be impossible for plaintiffs to recover on their claims.
1. The Defense of Statute of Limitations
Ordinarily, a lawsuit claiming breach of contract for the sale of goods is subject to a four-year statute of limitations under the Uniform Commercial Code (“UCC”), §2-725. See Bay State Spray & Provincetown Steamship, Inc. v. Caterpillar Tractor Company, 404 Mass. 103, 110-11 (1989). Defendants contend, therefore, that plaintiffs’ action is time barred because the Kwasniewskis knew that the vehicle was defective shortly after they took possession in October 1993, but did not file suit until September 1998, almost five years later.
Where, however, a defendant wrongfully lulls a plaintiff to delay in filing suit, estoppel may toll the applicable statute of limitations. See New England Power Co. v. Riley Stoker Corp., 20 Mass.App.Ct. 25, 33 (1985). The question for this court, then, is whether the Kwasniewskis have presented sufficient assertions to warrant an inference of “lulling” and to block, by estoppel, the statute of limitations thrust of defendants’ motion to dismiss.
In determining whether estoppel is operative, the court must look at the facts of the particular case. Libman v. Zuckerman, 33 Mass.App.Ct. 341, 346 (1992). Ordinarily, estoppel is applied only where it would be inequitable to refuse to estop. Riley, at 33. Thus, where a plaintiff failed to bring suit until four years after the defendant had ceased its efforts to fix defective equipment, the Supreme Judicial Court determined that the statute of limitations barred plaintiffs claim because defendant’s repeated repair efforts were not sufficient, in equity, to create an estoppel. Id. at 32. Both parties were “large corporations with equal access to legal advice,” and the Riley Court found no suggestion that plaintiffs’ lack of diligence in bringing legal action could be attributed to defendants’ conduct. Id.
At bar, however, there is, at the least, a suggestion that the Kwasniewskis’ delay in filing suit might be ascribed to defendants’ continuing representations that the vehicle could be repaired. Furthermore, while all three defendants are experienced commercial entities, the Kwasniewskis are consumers with no demonstrated business experience and no evident ready access to legal advice. Thus, it might well have seemed imprudent to the Kwasniewskis to launch a lawsuit against the defendants while the defendants were furnishing them with replacement parts and promising to repair the vehicle.
This court finds no indicia that the Kwasniewskis were less than diligent in pursuing their rights. See Riley, at 33. In addition to ongoing negotiations with defendants, the Kwasniewskis sought assistance from the consumer protection divisions of the Massachusetts and New Hampshire Attorney Generals. After investigating the complaint, the New Hampshire Attorney General recommended that Gulf Stream purchase the vehicle from the Kwasniewskis, with appropriate allowances for use and mileage. At that time, the vehicle had already been to Gulf Stream’s Indiana headquarters for repairs three times, twice at the Kwasniewskis’ own expense. Where an independent consumer agency determined that an appropriate solution to the problem was for Gulf Stream to purchase the vehicle, Gulf Stream’s insistence that it be allowed to attempt further repairs raises the possibility of a purposeful lulling of the Kwasniewskis.
There are no rigid criteria to apply in determining whether a defendant’s conduct gives rise to an estoppel. Riley, at 32. Each instance must be assessed in the context of its own peculiar facts. Id. At bar, plaintiffs allegation that defendants’ actions allayed them into a false sense that defendants would provide a remedy is sufficient to survive a motion to dismiss. See Brum v. Dartmouth, supra, 44 Mass. App. at 321.
2. The Defense of Improper Forum
Defendants allege, in addition, that this case must be dismissed for improper venue because a forum selection clause in the Warranty Agreement provided that all disputes would be settled in the courts of Indiana. See Mass.R.Civ.P. 12(b)(3).
*51 Under both Massachusetts and Indiana law, a forum selection clause will be enforced if it is fair and reasonable to do so. See Jacobson v. Mailboxes Etc. USA, Inc., 419 Mass. 572, 575 (1995); Pollas v. Hardware Wholesalers, Inc., 663 N.E.2d 1188, 1191 (Ind. App. 1996). At bar, there are several circumstances that might lead to the conclusion that enforcement of the forum selection clause would be unreasonable. Jacobson, at 575. First, the clause was presented in the warranty in such a way that refusal by the consumer to agree to it might have resulted in forfeiture of the consumer’s warranty rights. Second, the plaintiffs, as New Hampshire residents, would be unlikely to have knowingly agreed to have all disputes regarding the vehicle resolved in Indiana courts. Finally, none of the parties actually signed the Warranty Agreement containing the forum selection clause. The totality of those circumstances might well be persuasive that the forum selection clause ought not to be enforced.
Moreover, in an agreement between a commercial entity and an ordinary consumer, a contract is not enforceable with respect to a term as "to which the party who drafted the agreement had reason to believe that the other party would not have assented had he known the writing contained the term in issue.” Chase Commercial Corp. v. Owen, 32 Mass.App.Ct. 248, 253 (1992). At bar, the obscure positioning of the forum selection clause in the boilerplate language of Gulf Stream’s warranty agreement raises potentially litiga-ble questions about whether the Kwasniewskis actually intended to include the forum selection provision in the contract.
In sum, there are serious questions as to what the Kwasniewskis knew or reasonably should have known with respect to the forum selection clause. Where there is a reasonable doubt concerning the intention of the parties, a contract should be construed against the party that drafted it. Mass. Turnpike Authority v. Perini Corp., 349 Mass. 448 (1965). There are sufficient concerns with respect to the viability of the instant forum selection clause to render dismissal, based on its efficacy, inappropriate.
3. The Defense That Indiana Law Controls
Defendants also contend that all claims based on Massachusetts law — to wit, those grounded in G.L.c. 93A — must be dismissed because Indiana law should apply in this case. In making that argument, defendants rely on a choice of law provision included in the Warranty Agreement. Plaintiffs respond that the choice of law provision in the boilerplate of the Warranty Agreement does not express their “specific intent as to the governing law.” See Steranko v. Inforex, Inc., 5 Mass.App.Ct. 253, 260 (1977). As with the forum selection clause issue, plaintiffs have alleged enough facts to survive defendants’ motion to dismiss. See Brum, supra, at 321.
4. Spartan’s Defense of No Contract
In addition to the above defenses, Spartan, the manufacturer of the chassis, argues that plaintiffs have failed to establish a contractual relationship with Spartan. There is, however, at least an inference of contract in plaintiffs’ warranty agreement with Spartan and Spartan’s unsuccessful attempts to repair some of the defects in the vehicle. Consequently, there is, at this early stage in the proceedings, no occasion to look with favor upon Spartan’s motion to dismiss. See Brum, supra, at 321.
ORDER
For the foregoing reasons, it is hereby ORDERED that defendants’ motions to dismiss be DENIED.