MacLeod-Mancuso, Bonnie H., J.
This is an action arising out of defendant Mid-America Energy Co., Inc.’s (“Mid-America”) alleged fraudulent inducement of the plaintiff, Kevin Kariy (“Karty”), into purchasing unregistered securities in the form of investment contracts in oil and gas opportunities. A number of the defendants have previously been dismissed from the case for failure of service. Before this Court are the remaining defendants’ Motion to Dismiss under Mass.R.Civ.P. 12(b)(3). For the reasons stated below, the defendants’ motion is ALLOWED.

BACKGROUND

Mid-America has been offering securities in the form of investment contracts in oil and gas opportunities. In November of 2005, Kevin Karty contacted an investor website seeking investment opportunities. In response, Scotty Cooke of Mid-America contacted Karty by telephone and then mailed him a prospectus and other related materials. Karty received this information and had further discussions with Cooke, as well as with Gary Milby and John Melton, both of Mid-America. On December 17, 2005, Karty and Mid-America executed a Subscription Agreement (“Agreement”) whereby Karty contracted to purchase an ownership interest in Mid-America’s oil fields and wells by purchasing a share of a well project known as Eagle Oil #5. As part of the Agreement, Karty represented that he was a resident of the state of New Mexico. Within the Agreement, Karty also represented his understanding that the investment offered by Mid-America was a security not registered under the Securities and Exchange Commission Act of 1933. In addition, the Agreement contained Karty’s representation that he was an accredited investor. Each page of the Agreement was separately initialed by Karty.
Clause M of the Agreement features a forum selection and arbitration clause that provides as follows:
I understand and accept that all provisions of this Agreement are made in Warren County, Kentucky, and that exclusive venue and jurisdiction for all matters in dispute shall also be in Warren County, Commonwealth of Kentucky. All disputes and breaches hereunder shall be submitted to binding arbitration pursuant to the rules of the American Arbitration Association then pertaining in Bowling Green, Kentucky.
Karty maintains that, after execution of the Agreement, Mid-America informed him of problems that it had allegedly encountered concerning Eagle Oil #5. Specifically, Karty was informed of oil production delays due to issues such as failure to secure EPA permits, severe rainstorms, construction delays, failures to meet federal regulatory obligations, and problems in initial well output. Over the ensuing months, Karty became dissatisfied with the failure of Mid-America’s Eagle Oil #5 project to produce positive results. Karty alleges that he subsequently discovered other investors in separate Mid-America Eagle Oil projects who were similarly dissatisfied. Based on these and other events, Karty concluded that Mid-America had misrepresented the essential nature of the Eagle Oil #5 project in which he had invested, and this action ensued.
The defendants filed a motion to dismiss on August 18, 2006. They maintain that, pursuant to the express terms of the Agreement’s forum selection and arbitration clause, the parties must resolve any disputes in Warren County, Kentucky. They therefore urge this Court to dismiss the plaintiffs action for lack of subject matter jurisdiction and venue.
Karty maintains several theories of recovery and jurisdiction, but essentially argues that Mid-America fraudulently induced him into signing the Agreement without the intent or ability to follow through on its investment representations. Kariy maintains that, for this reason, enforcement of the Agreement’s forum selection and arbitration provision would be unfair and unreasonable.

Motion to Dismiss Standard

A court will grant a motion to dismiss when “it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Gen. Motors Acceptance Corp. v. Abington Cas. Ins. Co., 413 Mass. 583, 584 (1992) (citing Nader v. Citron, 372 Mass. 96, 98 (1977)). In reviewing a motion to dismiss, the court must accept the well-pleaded allegations in the complaint and must accept as true inferences drawn in the plaintiffs favor. Blank v. Chelmsford Ob/Gyn P.C., 420 Mass. 404, 407 (1999).

DISCUSSION

Courts in this Commonwealth enforce forum selection clauses if they are fair and reasonable. Jacobson v. Mailboxes Etc. U.S.A., Inc., 419 Mass. 572, 575 *134 (1995). Courts in the Commonwealth and Kentucky apply a substantially similar standard. Wilder v. Absorption Corp., 107 S.W.3d 181, 183 (Ky. 2003). This court, however, will consider motions brought in violation of such a clause if the party seeking to avoid its enforcement can show that it “was obtained by fraud, duress, the abuse of economic power or other unconscionable means.” Jacobson, 419 Mass. at 575 n.5 (quoting Restatement (Second) of Conflict of Laws §80, cmt. c (1971 and rev. 1989). One parly may thus not enjoy the benefit of a provision it forces upon another by unreasonable means. Id.
Karty contends that his claim that Mid-America fraudulently induced him into signing the Subscription Agreement automatically voids the forum selection clause contained within it. The plaintiffs burden in proving unreasonableness is not a light one, however. See SimplexGrinnell, LP v. Pancho El Eden, Inc., Civil No. 05-0846 (Mass.Super.Ct. March 27, 2006) (Brant, J.) (citing The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 18 (1972) (noting relevant inquiry is whether “trial in the contractual forum will be so gravely difficult and inconvenient that [the plaintiff] will for all practical purposes be deprived of his day in court”)). This is so notwithstanding the fact that, in ruling on a motion to dismiss, this court’s role is simply to determine whether the plaintiffs claims possess potential merit, and not whether they will ultimately prevail. I And that Karty’s claims do not survive such an examination.
Considering the facts set out in the complaint as true, a court could not conclude that enforcement of the forum selection clause would be unreasonable. First, there is no suggestion that the plaintiff did not understand the transaction he entered into with Mid-America. The plaintiff is a native speaker of English and is an “accredited investor.” There is no evidence that Mid-America either knew or took advantage of any inability on the part of Karty to comprehend the Agreement’s language. See Chase Commercial Corp. v. Owen, 32 Mass.App.Ct. 248, 253 (1992) (holding contract not enforceable to the extent that the “party who drafted the agreement had reason to believe that the other party would not have assented had he known the writing contained the term in issue”). Second, Karty has not alleged that, as a private individual residing in Massachusetts, he would not have executed the Agreement if he had known that he would have to resolve all disputes in Kentucky. Cf. LeasComm Corp v. Crawford, 2003 Mass.App.Div. 58 (noting that parties contemplate “geographical inconvenience” when they willfully enter into a contract containing a forum selection clause). In fact, as noted supra, within in the Agreement, Karty represented himself to be a resident of the state of New Mexico. Finally, Karty has not alleged that Mid-America knew that he could not afford to litigate in Kentucky. There is thus no basis to conclude that Mid-America induced Karty to enter into the Agreement knowing that he would be unable to vindicate his claims. The plaintiff has simply failed to demonstrate that the provision should not be enforced. Cf. Kwasniewski v. Gulf Stream Coach, Inc., Civil No. 98-2334B (Worcester Super.Ct. April 20, 1999) (Toomey, J.) [10 Mass. L. Rptr. 49] (“The totality of [the] circumstances might well be persuasive that the forum selection clause ought not to be enforced”).

ORDER

It is hereby ORDERED that the defendants’ Motion to Dismiss be ALLOWED.