Robert ROONEY d/b/a Biomet Rooney
& Associates, Plaintiff,

v.

BIOMET, INC., Defendant.

No. Civ.A. 98–40201–NMG.

United States District Court,
D. Massachusetts.

Sept. 16, 1999.

Howard B. D'Amico, Kapral & D'Amico, P.C., Worcester, MA, for Robert Rooney, Plaintiff.

John O. Mirick, Mirick, O'Connell, De-Mallie & Lougee, LLP, Worcester, MA, for Biomet, Inc., Defendant.

## MEMORANDUM AND ORDER

GORTON, District Judge.

On September 29, 1998, plaintiff Robert Rooney d/b/a Biomet Rooney & Associates ("Rooney") filed this action against defendant Biomet, Inc. ("Biomet") alleging 15 counts of wrongdoings related to two contracts. Pending before this Court is Biomet's motion to dismiss (Docket No. 6).

## I. Background

Biomet, a Delaware corporation maintaining its principle place of business in Indiana, is a manufacturer of specialized medical products. In 1995, Rooney and Biomet entered into an agreement whereby Rooney was granted the exclusive right to sell Biomet products in a specified territory that included parts of Massachusetts, Connecticut and Rhode Island ("1995 Agreement"). The agreement was to remain in effect for three years provided Rooney met certain minimum sales requirements.

In May, 1997, Biomet determined that Rooney had failed to meet those sales requirements and terminated the 1995 Agreement. At the same time, Biomet offered Rooney a new agreement, which he accepted on June 1, 1997 (the "1997 Agreement"). In comparison to the 1995 agreement, the 1997 Agreement omitted several terms that were favorable to Rooney and allowed either party to terminate the

agreement upon 30 days prior written notice. In October, 1997, Biomet notified Rooney in writing that it was terminating the 1997 Agreement.

Rooney alleges that Biomet breached the 1995 and 1997 Agreements by 1) interfering with Rooney's ability to attain the specified sales requirements and 2) wrongfully terminating those agreements. Rooney's 15–count complaint asserts claims for breach of contract, violation of M.G.L. c. 93A (Consumer Protection Act), fraud, interference with advantageous business relationships, interference with contractual relationships, breach of an implied covenant of good faith and fair dealing, violation of 18 U.S.C. § 1962 (civil RICO) and violation of 18 U.S.C. § 1951 (Hobbs Act).

## II. Motion to Dismiss

Biomet moves to dismiss the complaint on the grounds that a forum selection clause obligates the parties to litigate any dispute in Indiana and, alternatively, moves to dismiss each count for failing to state a claim upon which relief can be granted.[1]

This Court will first consider the issue of the forum selection clause. The 1995 Agreement and the 1997 Agreement each include the following paragraph containing a choice of law clause and a forum selection clause:

As you are aware, Biomet has many distributors across the United States. It is agreed that, in the event of any dispute between us, the laws of the State of Indiana shall govern the validity, performance, interpretation, enforcement and any other aspect of our agreement or relationship. It is further agreed that any and all actions concerning any dispute arising under our relationship shall be filed and maintained only in a state or federal court of competent jurisdiction sitting in the State of

Indiana, and both of us consent to such jurisdiction.

Biomet argues that this Court should give effect to that forum selection clause. This Court must first determine what law to apply in reviewing the forum selection clause. Federal courts have long enforced forum selection clauses as a matter of federal common law. *Lambert v. Kysar*, 983 F.2d 1110, 1116. Such clauses are also enforceable under state law in both Massachusetts and Indiana. *Jacobson v. Mailboxes, Etc. U.S.A., Inc.*, 419 Mass. 572, 574–575, 646 N.E.2d 741 (1995); *Huff v. Biomet*, 654 N.E.2d 830, 834 n. 4 (Ind.Ct.App.1995); *Horner v. Tilton*, 650 N.E.2d 759, 763 (Ind.Ct.App.1995).

Because federal law, Massachusetts law and Indiana law treat forum selection clauses identically, there is no need to confront the issue of whether such clauses are to be considered substantive or procedural for *Erie* purposes. The result is the same in all three cases.

Under the law of all three jurisdictions, a forum selection clause is *prima facie* valid and a court should enforce it, unless the opposing party "clearly show[s] that enforcement would be unreasonable and unjust, or that the clause is invalid for such reasons as fraud or overreaching." *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 15, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). *Accord Jacobson*, 419 Mass. at 574–575, 646 N.E.2d 741; *Horner*, 650 N.E.2d at 763. Rooney has neither made nor attempted to make any such showing.

Rooney instead argues that the forum selection clauses are irrelevant because venue is proper in this district under 28 U.S.C. § 1391. The fact that venue may be proper in this Court does not, however, nullify the parties' selection of the Indiana forum. Although a forum selection clause does not divest a court of

---

1. Biomet invokes Fed.R.Civ.P. 12(b)(3) and 12(b)(6) as grounds for urging dismissal under the forum selection clause. The First Circuit Court of Appeals has held that such dismissals are founded on Rule 12(b)(6). *Lambert v. Kysar*, 983 F.2d 1110, 1112 n. 1 (1st Cir.1993).

proper venue over a dispute, it does require a court "to consider whether it must, in its discretion, decline jurisdiction and defer to the selected forum." *Lambert*, 983 F.2d at 1118 n. 11.

In the instant case, the forum selection clause is unambiguous. The parties agreed that all disputes arising from the 1995 and 1997 Agreements would be litigated in Indiana. Because Rooney has failed to show why the forum selection clause is unenforceable, this Court will give effect to that provision and dismiss the case. It is therefore unnecessary to address Biomet's other arguments for dismissal.

## ORDER

For the foregoing reasons, the motion of defendant Biomet, Inc. to dismiss is ALLOWED. The case is hereby dismissed. So ordered.