**[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]**

# United States Court of Appeals

## For the First Circuit

_____

No. 99-2160

ROBERT ROONEY d/b/a
BIOMET ROONEY & ASSOCIATES,

Plaintiff, Appellant,

v.

BIOMET, INC.,

Defendant, Appellee.

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nathaniel M. Gorton, U.S. District Judge]

_____

Before

Torruella, Chief Judge,

Lynch and Lipez, Circuit Judges.

_____

Howard B. D'Amico, with whom Howard B. D'Amico, P.C. was on brief, for appellant.

John O. Mirick, with whom Mirick, O'Connell, DeMallie & Lougee, LLP was on brief, for appellee.

_____

April 13, 2000

_____

**Per Curiam.** In 1995 and 1997, the appellant Robert Rooney d/b/a Biomet Rooney & Associates entered into two separate contracts with the appellee Biomet, Inc., each of which included the following forum selection clause:

> As you are aware, Biomet has many distributors across the United States. It is agreed that, in the event of any dispute between us, the laws of the State of Indiana shall govern the validity, performance, interpretation, enforcement and any other aspect of our agreement or relationship. It is further agreed that <u>any and all actions concerning any dispute arising under our relationship shall be filed and maintained only in a state or federal court of competent jurisdiction sitting in the State of Indiana</u>, and both of us consent to such jurisdiction.

(Emphasis added). Despite the forum selection clause, in September 1998, Rooney brought this action against Biomet in the federal district court in Massachusetts. On September 16, 1999, the district court enforced the forum selection clause and dismissed the case. <u>See</u> <u>Rooney v. Biomet, Inc.</u>, 63 F. Supp. 2d 126, 128 (D. Mass. 1999). In this appeal, Rooney challenges the district court's decision.

Having thoroughly reviewed the briefs and the record, we affirm for the reasons expressed in the district court's opinion. The forum selection clause is valid and enforceable and the Motion to Dismiss was properly granted. <u>See</u> <u>generally</u> <u>Lambert</u> v. <u>Kysar</u>, 983 F.2d 1110 (1st Cir. 1993).

**Affirmed.** Costs shall be awarded to the appellee.

-2-